# Whiteman, Appellant, *v.* Merion Title and Trust Company.

*Insurance—Title insurance—Mortgage—Measure of damages.*

Where, by a policy of title insurance on a mortgage, an insurance company agrees to indemnify, keep harmless, and insure the insured, from all loss or damage, not exceeding $1,500 which the said insured shall sustain by reason of defects or unmarketability of the title of the insured to the estate, mortgage or interest described in a schedule annexed,

or because of any liens on it, or incumbrances, " charging the same at the date of this policy," and there is a total loss to the insured by reason of the sale of the property mortgaged under a prior mortgage in existence at the date of the policy, the insurance company is liable only for the actual value of the land, and not for the amount of the mortgage insured.

Argued Oct. 8, 1903.  Appeal, No. 63, Oct. T., 1903, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1903, No. 503, discharging rule for judgment for want of a sufficient affidavit of defense in case of Owen L. Whiteman v. Merion Title & Trust Company.  Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.  Affirmed.

Assumpsit upon a policy of title insurance.
The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court.

*John S. Gerhard*, with him *Albert P. Gerhard*, for appellant, cited : Bole v. Fire Ins. Co., 159 Pa. 53 ; Gauler v. Solicitors' Loan & Trust Co., 28 W. N. C. 208.

*Reginald H. Innes*, with him *Parker S. Williams*, for appellee cited : Insurance Co. v. Butler, 38 Ohio, 128 ; Ins. & Trust Co. v. Drexel, 70 Fed. Repr. 194.

OPINION BY PORTER, J., July 28, 1904 :
This is an action upon a policy of title insurance under the provisions of which the defendant company agreed to "indemnify, keep harmless and insure," the plaintiff, " from all loss or damage, not exceeding $1,500, which the said insured shall sustain by reason of defects or unmarketability of the title of the insured to the estate, mortgage or interest described in Schedule A, hereto annexed, or because of any liens on it or incumbrances, charging the same at the date of this policy." The property described in the schedule referred to consisted of two mortgages, of $750 each, upon property in the city of Philadelphia.  The plaintiff's statement averred that the land described in the mortgages had been sold by the sheriff on October 5, 1902, in pursuance of proceedings upon a mortgage

which was a prior lien and an incumbrance at the date of the issuance of the policy, and that by said sale the lien of the mortgages in question had been discharged. There was no averment in the statement as to the amount of the prior mortgage, nor as to the value of the land. The plaintiff asserts the right to recover the sum of $1,500, the face value of the mortgages, and the limit of the liability for loss under the provisions of the policy. An affidavit of defense was filed admitting that the property had been sold upon a prior lien and that the defendant was liable for the amount of the value of the land upon which the mortgages were liens. The affidavit further averred, however, that the defendant company was liable only to the amount of the value of the mortgaged property, which was not and never had been worth more than $500. The plaintiff took a rule for judgment for want of a sufficient affidavit of defense as to his whole claim, which rule the court below subsequently discharged, and from that order the plaintiff appeals. The plaintiff does not seem to have been put to any expense in contesting the prior lien, the sale under which divested the lien of his mortgages. The only question which has been argued here is whether under the provisions of the policy the defendant company is to be held liable in an amount greater than the actual value of the land upon which the mortgages were a lien.

The provisions of this policy did not constitute the defendant company a surety for the mortgage debt, nor a guarantor of its payment. The defendant did not undertake to insure that the property mortgaged was a sufficient security for the debt. What it did undertake to do was to indemnify against loss or damage sustained by reason of defects of title and liens upon the land. Had the title been marketable and free from liens, the plaintiff must still have failed to collect his debt from these securities, if the mortgaged property was only worth $500; but for such a loss no liability could arise under this policy. A defect of title which deprives a mortgagee of his lien upon $500 worth of land can only cause him damage to the amount of the value of the land. The policy fixed the limit of liability of the defendant company at $1,500, but the company undertook only to indemnify against the actual loss or damage. "A valued policy of insurance is not one which estimates merely the value of the property insured, but which

values the loss, and is equivalent to an assessment of damages in the event of a loss:" Lycoming Insurance Company v. Mitchell, 48 Pa. 367. The plaintiff is only entitled to recover for the loss which has arisen by reason of the defects or incumbrances against which the defendant company covenanted to indemnify: Wheeler v. Real Estate Title Ins. & Trust Company, 160 Pa. 408. What he has lost, if the averments of the affidavit of defense are true, is the right to a lien upon land which is worth only $500, and that is the limit of his right to recover.

The appeal is dismissed at the costs of plaintiff, without prejudice, etc.