· [No. 2538.   July 23, 1921.]

ROBERTS v. HUMPHREYS et al.

## SYLLABUS BY THE COURT.

Where a lease is put in escrow to be recorded upon the happening of certain events or the fulfillment of certain conditions, and such events do not happen and the conditions are not fulfilled, the recording of such lease without the consent of the lessor entitles him to have the lease declared null and void and the record thereof canceled.

Appeal from District Court, Eddy County; Bratton, Judge.

Action by Elizabeth Roberts against S. G. Humphreys and another. From a judgment for plaintiff, defendants appeal. Affirmed.

J. H. Jackson, of Artesia, and Clark J. Millron, or Los Angeles, Cal., for appellants.

J. B. Atkeson, of Artesia, for appellee.

### OPINION OF THE COURT.

RAYNOLDS, J. This case arose out of the following facts: Some of the owners of land in the vicinity of Dayton, N. M., desiring to have tests made to find out whether or not oil or gas existed in paying quantities in that locality, agreed to execute oil and gas leases to S. G. Humphreys. The appellee, Elizabeth Roberts, owned land in this vicinity, and on August 15, 1916, made an oil and gas lease on her property to said Humphreys. As shown by the testimony and found as facts by the court, she was at that time a nonresident of New Mexico. The negotiations which were preliminary to her signing the lease were carried on by correspondence between her and E. S. Wallace, who was the agent of S. G. Humphreys and who was also secretary of the committee having charge of the negotiations to secure the leases and let the contract for drilling. The correspondence shows that her lease was to be put in escrow in the First State Bank & Trust Company of Artesia and was not to be placed of record until certain development work was done. It was made a condition that if the development work was not done, the lease was to be returned. The committee made several attempts to have wells drilled and oil developed, but those with whom they contracted failed to carry out their contracts. Subsequently in order to induce other operators to develop oil and gas upon said property, and as a condition precedent without which the

operators would not start work, the leases, including that of the appellee, Roberts, were assigned to appellant Faris and placed of record. Appellee was not consulted as to this change in the agreement and and did not consent to the placing of her lease upon record. The appellee, plaintiff below, sought to have the lease declared null and void and canceled on the records of Eddy county. The trial court gave her judgment as prayed for, and the defendant Faris appeals to this court.

Appellant assigns nine errors, relying principally upon the following: That the court found the lease was not delivered, and that the court went outside of the pleadings to make said finding. It is only necessary to state at this time that the record amply sustains the finding that the lease was delivered in escrow, and that the conditions of the escrow, upon the fulfillment of which it was to be recorded, were not complied with. The allegations in the complaint were sufficient, together with the evidence received in support of them, to sustain the finding of the court in this respect.

The other assignments of error relate to the sufficiency of the evidence to support the findings, but a reading of the transcript of record shows that such assignments are without merit and need not be considered.

The case is therefore affirmd; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.