MUENZ et al, Respondents, v. BANK OF BOWDLE, Appellant.

(198 N. W. 710.)

(File No. 5314. Opinion filed May 15, 1924.)

1. **Escrows—Evidence—Trial—Burden of Proof on Depositary in Escrow Agreement to Show How Grantee Became Possessed of Deed.**

   Where a deed was deposited in escrow to be delivered to grantee on payment of balance of purchase price, depositary, having delivered deed, and denying liability to grantors for balance of purchase price, assumed burden of proof of showing how grantee became possessed of deed.

2. **Escrows—Deposit—Depositary Held Liable to Depositor for Balance of Purchase Price on Deed Deposited in Escrow.**

   A deposit of a deed in escrow for delivery on payment of balance of price placed a duty on depositary to pay over money in case of payment or to turn back deed, and, having failed to justify itself in delivering deed to grantee, it was liable for balance of price.

Appeal from Circuit Court, Edmunds County; Hon. J. H. Bottum, Judge.

Action by Louis J. Muenz and another against the Bank of Bowdle. Judgment for plaintiffs and defendant appeals. Affirmed.

*Williamson, Williamson & Smith,* of Aberdeen, and *Beardsley & Henderson,* of Ipswich, for Appellant.

*James W. McCarter,* of Ipswich, for Respondents.

Appellant cited: City National Bank v. Davissen, 229 U. S. 212; 57 L. ed. 1153; St. Tammany, etc., Bank v. Winfield, 254 Fed. 785; Rev. Code 1919, Sec. 2308.

DILLON, J. [1, 2]   Louis M. Muenz and Adaline Muenz executed a deed for lot 12, block 12, in the city of Bowdle, this state, to one John Stacker. The deed was delivered to the defendant bank, and said Stacker then paid $1,000 down and a certificate of deposit in defendant's bank was delivered to Muenz for the said sum. The balance of the purchase price, viz., $2,500, was to be paid by Stacker to defendant bank for Muenz. A memorandum was then made by the bank and pinned to the deed stating that the deed was to be delivered to John Stacker upon the payment of $2,500 and the money turned over to Muenz. The deed with this notation was deposited by Muenz and Stacker in the defendant bank to be held by the bank in escrow. There is no dispute in the testimony as to the delivery of the deed in escrow with the defendant bank. The burden of proof was on defendant's bank to show how Stacker became possessed of the deed. There is no testimony imputing the invalidity of Stacker's title, excepting the dispute about the payment of the $2,500 to the bank. As to the payment of this sum to the bank, there is a sharp dispute between the parties. The jury found in favor of the plaintiffs. The court instructed the jury as follows:

"It is the claim of the plaintiff in this action that prior to the commencement thereof the plaintiff deposited with the defendant a certain warranty deed, with instructions to deliver the same to one Stacker when he paid the said defendant bank the said sum of $2,500, and to pay the said sum when received by it to the plaintiffs, that subsequent to said deposit, said Stacker paid the said bank, and through its duly constituted and acting officers it delivered said deed to Stacker, and that the said defendant bank has not paid said money to the plaintiff or any part thereof, and that said sum of $2,500 is now due and owing plaintiff by de-

fendant. All these claims of the plaintiff are denied by the defendant, except that defendant admits deposit of said deed with it by plaintiff.

"If you find that at the time claimed by plaintiff, plaintiff deposited said deed with the defendant bank and instructed them to deliver the same to Stacker when Stacker paid $2,500 to the said bank, and that the said defendant bank has delivered said deed to Stacker and has not paid to plaintiffs the said sum of $2,500, it will be your duty to return a verdict in favor of plaintiff for said sum of $2,500, with interest thereon at 7 per cent from the time of such delivery. If you do not so find, your verdict will be for the defendant upon all issues."

In Keith v. First National Bank, 36 N. D. 328, 162 N. W. 696, L. R. A. 1917E, 901, it is said by the court:

"The multitude of transactions which are continually being transacted in every community often times require the selection of a third person or party as a depositary through which and by which transfer of papers and important documents may be made, and banks are most frequently used as depositaries on such occasions; and where the party or person assumes to and does act as the depositary, he is absolutely bound by their terms and conditions of the deposit and charged with a strict execution of the duties voluntarily assumed, and such party is liable for damages if he improperly part with the deposit, and this is true whether the depositary received any consideration or not for its services. Citizens' National Bank of Roswell v. Davisson, 229 U. S. 212, 33 Sup. Ct. 625, 57 L. ed. 1153, Ann. Cas. 1915A, 272; 16 Cyc. 576."

Defendant's contention is that the measure of damage for violating the escrow agreement is different from that of the agreement to pay the $2,500. The plaintiffs in their complaint pleaded the facts as claimed by them, and the defendant filed a general denial. The cause of action was founded upon a violation of duty. It could only discharge that duty by paying over the money in case of payment or in turning back the papers. The defendant failed to justify itself in turning over the deed to Stacker. This was the issue that was submitted to the jury, and we find no prejudicial error in this instruction.

The judgment will be affirmed.

Note.—Reported in 198 N. W. 710.  See, Headnote (1), American Key-Numbered Digest, Escrows, Key-No. 14(1), 21 C. J. Sec. 43; '(2) Escrows, Key-No. 14(1), 21 C. J. Sec. 29.

On necessity of strict compliance with conditions of escrow agreement, see note in L. R. A. 1916A, 502.

On liability of depositary for wrongful delivery of escrow, see note in L. R. A. 1917E, 907.