298 P.2d 938

Alex DEMOPOULOS, Plaintiff-Appellee,

v.

**THE TITLE INSURANCE COMPANY, a Foreign Corporation, Defendant-Appellant.**

No. 6051.

Supreme Court of New Mexico.

June 21, 1956.

Rodey, Dickason, Sloan, Mims & Akin, John P. Eastham, Albuquerque, for appellant.

William J. Torrington, Albuquerque, for appellee.

McGHEE, Justice.

The defendant appeals from judgment rendered against it in an action on a policy of title insurance. The facts out of which the controversy arose are not in dispute. A mortgagor (not a party in this case) represented to the plaintiff-mortgagee that he was mortgaging an improved piece of real estate worth approximately $15,000, when in fact he mortgaged an adjoining unimproved lot worth $1,200. The amount loaned under the mortgage by plaintiff was $8,500 and such was the amount of the title insurance policy issued by defendant to plaintiff insuring plaintiff's interest under the mortgage.

The mortgagor had purchased the vacant lot on a real estate contract. He forged the name of the grantors to a warranty deed which was placed of record and also forged his wife's name to the mortgage. At the time the insurance policy was issued

there was a good record title. Some months later, a valid deed from the former owners of the vacant lot was filed for record.

Only $7,500 of the money which the plaintiff had loaned on the lot was received by the mortgagor, $1,000 having been retained by a former attorney for the plaintiff as protection against mechanic's liens, etc., which might later be filed. This sum was returned to the plaintiff. Judgment was entered against the defendant for $7,500.

The issue here is whether the insurance company is liable for $7,500, the amount due on the note and mortgage securing it, or for the sum of $1,200, the agreed value of the lot covered by the mortgage and insurance policy. The defendant has at all times been ready to pay the latter sum.

The policy insured the plaintiff-mortgagee against loss or damage not exceeding $8,-500,

"which the Insured shall sustain by reason of any defect in the execution of said mortgage or deed of trust, but only insofar at such defect affects the lien or charge of such mortgage or deed of trust upon the said land, or by reason of the invalidity of the lien thereof upon said land, or by reason of title to the said land being vested at the date hereof otherwise than as herein stated, or by reason of unmarketability of the title of the mortgagor or trustor, or by reason of any defect in, or lien or encumbrance on said title at the date hereof, or by reason of any statutory lien for labor or material which now has gained or hereafter may gain priority over the lien upon said land of said mortgage or deed of trust, other than defects, liens, encumbrances and other matters set forth in Schedule B, or by reason of the priority thereto of any lien or encumbrance at the date hereof except *at* shown by Schedule B."

We think the measure of plaintiff's damage is the value of the real estate. The policy did not guarantee the mortgaged property was worth the amount of the mortgage lien. If the plaintiff had received a valid mortgage and foreclosed it, all he would have been able to realize would have been the value of the property. The defendant has offered to pay the plaintiff the agreed value of the mortgaged property, and we are of the opinion that is all he may recover, keeping in mind the fact there is no claim of negligence on the part of the defendant insurer.

Such is the universal rule. See: 9 Appleman, Insurance Law and Practice, § 5217; 29 Am.Jur. (Insurance) § 1238; 45 C.J.S. Insurance, § 966. See also the annotation in Ann.Cas.1914D, 643, where it is stated:

"An insurer of a mortgagee against loss by reason of defects in the title of the mortgaged property is liable only to the amount of the value of the land, though it is less than the amount of the mortgage."

The cases of First Nat. Bank & Trust Co. v. New York Title Ins. Co., 1939, 171 Misc. 854, 12 N.Y.S.2d 703; Narberth Building & Loan Ass'n v. Bryn Mawr Trust Co., 1937, 126 Pa.Super. 74, 190 A. 149; and Whiteman v. Merion Title & Trust Co.,

1904, 25 Pa.Super. 320, support the above texts and are in accord with our views in this case.

The judgment of the District Court is reversed and the cause remanded with instructions to vacate the judgment from which the appeal was taken and to enter another in favor of the plaintiff for $1,200, the amount defendant had offered to pay in satisfaction of its liability on the policy. The defendant will also be allowed its costs.

It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and KIKER, JJ., concur.