## (March 18, 1959)

■ Tomlinson Construction Company, Ltd., Appellant, v. State of New York, Respondent. (Claim No. 32959.) — Judgment insofar as appealed from affirmed, with costs. All concur. (Appeal from part of a judgment of the Court of Claims dismissing certain causes of action in a claim for breach of contract.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ Norman L. Hoffower et al., Doing Business as N. L. Hoffower Co., Respondents, v. Pennsylvania Exchange Bank, Appellant.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: Plaintiff partnership is the holder and payee of four checks drawn upon the defendant bank and forwarded through banking channels to defendant bank for collection with direction "to protest and wire non-payment". The defendant bank sent notice of protest and nonpayment as to two of the checks 23 days after receipt of the same, and as to the other two checks, 22 days after the receipt thereof. The plaintiff brought an action in negligence against the bank and has recovered judgment for the face amount of the checks. The record does not support the finding that plaintiff's damage is the face amount of the checks. It has not lost any right of action against the drawer — there are no indorsers who have been released, and for all that appears in the record, plaintiff is in the same situation it would have been in had the bank given earlier notice of nonpayment. There is no proof that the drawer of the checks has since become insolvent or unamenable to the process of the court. "The plaintiff is entitled to indemnity, and no more, for the loss caused by the fault of the defendant, and it must show the extent of such loss". (*First Nat. Bank* v. *Fourth Nat. Bank,* 77 N. Y. 320, 330; see, also, same case, 89 N. Y. 412.) Since the judgment must be reversed for the error as to damages, we do not pass upon any other question. All concur. (Appeal from a judgment of Chautauqua Supreme Court for plaintiffs in an action for damages for the claimed failure on the part of defendant to protest nonpayment of checks.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.