427 P.2d 673

Edgar L. ALLEN and Helen C. Allen,
his wife, Plaintiffs-Appellees,

v.

ALLEN TITLE COMPANY, a corporation,
Defendant-Appellant.

No. 8265.

Supreme Court of New Mexico.

May 15, 1967.

Rodey, Dickason, Sloan, Akin & Robb; John P. Eastham, Albuquerque, for appellant.

Iden & Johnson, James T. Paulantis, Eric D. Lanphere, Albuquerque, for appellees.

OPINION

MOISE, Justice.

We are here called upon to determine the correct measure of damages for negligent recording of a deed by an escrow agent.

Plaintiffs-appellees filed suit for damages because of the defendant-appellant's alleged negligence in placing of record a deed to property owned by plaintiffs and sold by them to a Mr. and Mrs. Lindholm. Defendant admits that it was the escrow agent and that it is liable for its negligence in placing the deed of record without having received the cash therefor. It appears that the Lindholms delivered to defendant their check drawn on a California bank in payment for the property and, without waiting for the check to clear, the defendant had the deed placed of record. Thereafter, the check was dishonored because of insufficient funds, and although considerable effort was made to effect collection, it has not been paid.

The court found the issues in favor of plaintiffs and awarded damages equal to the net amount that plaintiffs would have received had the transaction been completed as agreed and, in addition for certain items of expense which plaintiffs claim to have resulted from defendant's wrongful conduct. The additional items for which judgment was granted were two

earnest money payments totalling $450.00 which plaintiffs had deposited on two real estate transactions which were not completed, allegedly because of defendant's conduct, and $158.78 being the expense to which plaintiffs were put in moving from the residence sold to the Lindholms to a place where plaintiffs intended to live after the sale.

At the trial defendant agreed to the entry of a judgment for $500.00 which it claims is sufficient to pay the costs and expenses incident to a proceeding for cancellation of the deed and clearing the record, and according to defendant's view this is the limit of damages to which plaintiffs are entitled.

As long ago as 1916, in Otero v. City of Albuquerque, 22 N.M. 128, 158 P. 798 (1916), a case involving the recording of a deed obtained by fraud practiced on an escrow holder, it was held that a grantee obtained nothing thereby, and that no title passed thereunder.

Thereafter, in Roberts v. Humphreys, 27 N.M. 277, 199 P. 1006 (1921), wherein an oil and gas lease was placed of record in violation of escrow instructions, it was held that the lessor was entitled to have the lease declared null and void and cancelled on the records.

The rule of these two cases was reiterated and reaffirmed in Mosley v. Magnolia Petroleum Co., 45 N.M. 230, 243, 114 P. 2d 740 (1941). This holding is in accord with what has been stated to be the general rule. See 48 A.L.R. 405; 54 A.L.R. 1246.

It follows that although record title passed to Lindholms, they acquired nothing thereby, and plaintiff can regain title and clear the record in a proper action.

Recognizing the effect of the unauthorized and negligent recording to be as above set forth, what damages did plaintiffs suffer, and what is the measure to be used?

In Brown v. Newton, 59 N.M. 274, 282 P.2d 1113 (1955) it was stated that the purpose of allowing damages in a breach of contract case is the restoration to the injured of what he has lost by the breach, and what he reasonably could have expected to gain if there had been no breach. See also, Loucks v. Albuquerque National Bank, 76 N.M. 735, 418 P.2d 191 (1966); Demopoulos v. The Title Insurance Company, 61 N.M. 254, 298 P.2d 938, 60 A.L.R.2d 969 (1956).

Defendant's wrongful or negligent recording of the deed in violation of its escrow instructions was an injury done against plaintiffs' rights. However, what damages resulted from defendant's wrongful conduct? Certainly, failure of completion of the sale to the Lindholms was not a consequence. Neither was the dishonor of the check. The check was not paid because the Lindholms did not have on deposit sufficient funds to cover it. Without these

funds the deal could not have been consummated. By what theory, then, can the damages be considered to be the amount that plaintiffs would have received if the Lindholms had completed the deal? It seems to us that a more realistic approach is to inquire as to what amount of money will place plaintiffs in as good a position as they would have occupied if defendant had not breached its contract as it did. See 1 Restatement, Contracts, § 329, Comment a; Brown v. Newton, supra. This would not be the amount plaintiffs would have received if the Lindholms' check had been good. It would be no more than would be required to quiet the title—that is, to cancel the deed and place the record title back in plaintiffs. This is the measure of damages applied in Montgomery v. Bank of America Nat. Trust & Savings Ass'n, 85 Cal.App.2d 559, 193 P.2d 475 (1948).

In that case a description was changed and a deed placed of record contrary to escrow instructions, and it was held that the deed being void, no title was conveyed to the grantee. It was also held that since no title passed, plaintiffs could recover the property through a quiet title action, and that the escrow holder was not liable in damages for the value of the property, but its liability was limited to the costs and expenses which the owner would have to incur in recovering title. See also, Colonial Savings and Loan Association v. Redwood Empire Company, 236 Cal.App.2d 186, 46 Cal.Rptr. 16 (1965).

For other cases considering the rules to be applied in similar or analogous situations, see Phoenix Title & Trust Co. v. Horwath, 41 Ariz. 417, 19 P.2d 82 (1933); Higgins v. Kittleson, 1 Ariz.App. 244, 401 P.2d 412 (1965); Sideris v. Northwest Bonded Escrows, 51 Wash.2d 851, 322 P.2d 349 (1958); Central Exch. Nat. Bank v. First Nat. Bank, 214 S.W. 660 (Tex.Civ. App.1919); Hoffower v. Pennsylvania Exchange Bank, 8 A.D.2d 585, 183 N.Y.S.2d 620 (1959); St. Louis Carbonating & Mfg. Co. v. Lookeba State Bank, 35 Okl. 434, 130 P. 280 (1913); Northwestern National Bank of Minneapolis, Minn. v. People's State Bank, 109 Kan. 506, 200 P. 278 (1921); Annot., 67 A.L.R. 1511 (1930); Annot., 19 A.L.R. 555 (1921).

Defendant seeks to support the judgment, (1) on the authority of Keith v. First Nat. Bank, 36 N.D. 315, 162 N.W. 691, (1917), and (2) on the basis that a fiduciary relationship exists between the escrow agent and its principal, and by virtue thereof any deviation makes the agent liable for the value of the property lost.

We would first observe that Keith v. First Nat. Bank, supra, is based on a determination that plaintiffs' title had been divested by the recording of the deed. As already noted, this is not true under the New Mexico cases cited above. Secondly,

the court held that plaintiffs had an election in that they could have proceeded against the grantee on the basis that no title had been conveyed, or they could proceed against the escrow agent for the agreed balance of the purchase price because of its breach of the contract. To our minds, this is not the correct approach in a case such as ours. As already set forth, if the purchaser's check was bad, and the deal could not be consummated pursuant to the escrow instructions, why should the escrow agent be liable for the value of the land merely because it placed the deed of record in violation of its instructions, particularly since by doing so, title was not lost? We cannot agree with Keith v. First Nat. Bank, supra, in any holding that would so penalize the escrow agent, or so furnish the seller with a fortuitous windfall.

■ We can fully appreciate the correctness of the rule where the property or the proceeds therefrom have been lost to the owner, or where the escrow agent has proceeded in a fraudulent manner. As a matter of fact, the rule has been approved under those circumstances in South Dakota, in Muenz v. Bank of Bowdle, 47 S.D. 342, 198 N.W. 710 (1924). See also, Work v. County Nat. Bank & Trust Co., 4 Cal.2d 532, 51 P.2d 90 (1935). As we perceive the problem, when a conveyance has been made or delivered in violation of duty owed to the principal and the principal is thereby deprived of the property, the damages

suffered by the principal and the proper measure is the value of the property, generally represented by the balance of the purchase price. We see nothing in these cases or in any of the others cited by plaintiffs which dictates otherwise. That the relationship is one of a fiduciary character which demands the utmost good faith by the agent in no way alters the rule. In those instances where the agent has acted to defraud his principal, as where he fraudulently put title in himself, it is clearly applicable. Norby v. Security State Bank of Ellendale, 177 Minn. 127, 224 N.W. 843 (1929) is this type of case. There the defendant was an agent of the seller—not an escrow agent. He wrongfully inserted his own name in the deed as grantee. The court properly held that the seller could elect to ratify the sale and sue his agents in damages, or repudiate the sale and seek to have the status quo restored. However, ours is not such a case, and the rule there applied is not controlling.

Under the facts here present and the law as reviewed above, it was error for the court to adjudge damages in excess of the amount necessary to place plaintiffs in as good position as they would have occupied had defendant not placed the deed of record. Brown v. Newton, supra. This involved an action to clear the title. Plaintiffs suggest that there may be a question as to whether this includes attorney fees. However, defendant offered to confess

judgment for $500.00 and concedes that reasonable attorney fees may properly be included as a part of the costs. It is accordingly unnecessary for us to consider this question. On remand, hereinafter ordered, the court should determine the costs and expenses, including attorney fees, to which plaintiffs will necessarily be put in cancelling the deed and quieting title in themselves, and enter judgment in their favor for the amount so determined.

 In its second point, defendant complains of the additional elements of damage for which judgment was entered against it. Here, too, the court erred. We do not understand by what theory plaintiffs would be entitled to recover from defendant for costs of moving incident to the sale of plaintiffs' home which occurred prior to the wrongful conduct of defendant in placing the deed of record. Neither do we perceive that deposits made by plaintiffs in connection with other business transactions can properly be recovered as damages from defendant. The deposits had been made before the deed was placed of record by defendant. As already pointed out above, it was not the recording of the deed that caused plaintiffs to lose the benefit of their sale. It was the purchaser Lindholm's failure to pay for the property as agreed. If plaintiffs' inability to complete their purchase resulted because of the Lindholms' breach of their contract, defendant cannot be held responsible therefor, and any losses

suffered by plaintiffs did not even remotely result from any conduct of defendant. The court erred in including the items of damages totalling $608.78 in the judgment.

The cause is reversed and remanded to the district court with instructions to set aside its judgment, reinstate the cause on the docket, and to then proceed to determine damages suffered by plaintiffs in a manner consistent herewith.

It is so ordered.

CARMODY, J., and OMAN, J., Court of Appeals, concur.