722 P.2d 640

**In the Matter of Jose L. ARRIETA, an Attorney Admitted to Practice before the Courts of the State of New Mexico.**

**No. 16402.**

Supreme Court of New Mexico.

July 16, 1986.

Virginia A. Ferrara, Chief Disciplinary Counsel, Randy Van Vleck, Deputy Disciplinary Counsel, Albuquerque, for Board.

Jose L. Arrieta, Las Cruces, pro se.

## OPINION

PER CURIAM.

This matter is before this Court after disciplinary proceedings were conducted pursuant to NMSA 1978, Rules Governing Discipline (Repl.Pamp.1985) wherein attorney Jose L. Arrieta was found to have committed violations of NMSA 1978, Code of Prof.Resp. (Repl.Pamp.1985) involving misrepresentation to a court, failure to return unearned fees, failure to render an accounting to a client, neglect, incompetence, and other conduct prejudicial to the administration of justice. We adopt the Disciplinary Board's findings and conclusions but modify the Board's recommendation.

Arrieta was appointed to represent William Cliff Talley and Eduardo Hernandez, both of whom were charged with felony offenses in Dona Ana County. In both matters the defendants were convicted of the crimes with which they had been charged, and both expressed a desire to appeal their convictions. Pursuant to NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.Rule 205 (Repl.Pamp.1983), trial counsel for a criminal defendant appealing a conviction is required to file a docketing statement with the Court of Appeals unless relieved by order of the appellate court.

In the Talley case, Arrieta never filed a docketing statement on Talley's behalf despite being ordered to do so by both the district court judge and the Court of Appeals. The Court of Appeals ultimately held Arrieta in contempt, fined him $350.00 and suspended him from practice before that Court until such time as the fine was paid. Talley subsequently filed a disciplinary complaint against Arrieta alleging ineffective assistance of counsel at his trial and filed a civil lawsuit against Arrieta alleging legal malpractice in general. The disciplinary complaint was dismissed, as there was no evidence that Arrieta was ineffective at the trial. The matter of ineffective assistance during the appellate proceeding was neither complained of by Talley nor considered by the Disciplinary Board.

In his response to the civil suit, Arrieta filed a motion for summary judgment accompanied by an affidavit in support thereof. In his affidavit, Arrieta stated that "the Disciplinary Board and Court of Appeals have exonerated me from the charges filed by Mr. Talley." The hearing committee found that neither the Court of Appeals nor the Disciplinary Board had ever exonerated Arrieta for his failure to file Talley's docketing statement. Arrieta's dishonest conduct was in violation of NMSA 1978, Code of Prof.Resp.Rules 1–102(A)(4) and 7–106(C)(7) (Repl.Pamp.1985).

In the Hernandez case, Arrieta filed a docketing statement on August 8, 1984, that was rejected by the Court as deficient. The Court of Appeals issued an order explaining in detail the shortcomings of the docketing statement and ordered Arrieta to file an amended docketing statement, that was again rejected as deficient. Another attorney was finally ordered to prepare the docketing statement. The hearing committee found that Arrieta's representation of Hernandez was violative of NMSA 1978,

Code of Prof.Resp., Rules 6–10(A)(1) and 7–106(C)(7) (Repl.Pamp.1985).

More recently in January 1985 in a different action, Arrieta was retained by Terry Giever to represent him in a civil lawsuit. Giever gave Arrieta a check in the amount of $8,300 as an advance on his fees and for costs. While Giever was told that the $8,300 would be placed into a trust account, Arrieta negotiated the check and placed it into his general account, thus commingling the unearned retainer and costs advance with his own funds. Ms. Patricia Stephens later retained Arrieta to represent her in the same lawsuit and assumed responsibility for one-half (½) of the retainer by paying Giever the sum of $4,150.

The evidence is clear that between January 20, 1985, and March 20, 1985, Arrieta took no action in furtherance of the lawsuit. His services were terminated on March 20, 1985, and Giever and Stephens made written demand upon him for a refund of the previously paid retainer. Arrieta refused for over four months to refund any portion of the retainer, although he ultimately did return the sum of $5,000. However, he has never accounted to Giever or Stephens for the time he claims to have devoted to their case or for costs supposedly incurred.

Disciplinary counsel wrote to Arrieta on May 8, 1985, regarding the allegations made by Giever and Stephens. His reply was evasive and necessitated a request for additional information. Arrieta's answer was again evasive. Two additional letters were sent to him, both of which were ignored. Arrieta's conduct in this instance is violative of NMSA 1978, Code of Prof. Resp.Rules 1–101(C), 2–110(A)(3), 6–101(A)(3), 7–101(A)(1), and 9–102(B)(4) (Repl.Pamp.1985). The Disciplinary Board also found his cumulative conduct to be in violation of NMSA 1978, Code of Prof. Resp., Rules 1–102(A)(5) and 1–102(A)(6) (Repl.Pamp.1985).

Taken as a whole, Arrieta's conduct casts grave doubt upon his fitness to practice law. It is quite apparent that he has placed his personal interests far above the interests of his clients. His actions have not only prejudiced his clients and the orderly administration of justice but have eroded public confidence in the profession and have fallen far below acceptable standards for members of the bar in New Mexico. We are compelled to suspend his license to practice law but feel that the Disciplinary Board's recommendation of an indefinite suspension is overly harsh under the circumstances.

IT IS THEREFORE ORDERED that Jose Luis Arrieta be and hereby is suspended from the practice of law for a period of one (1) year pursuant to NMSA 1978, Rules Governing Discipline, Rule 11(a)(2) (Repl. Pamp.1985) commencing on August 15, 1986.

IT IS FURTHER ORDERED that Arrieta shall not be permitted to apply for readmission, regardless of the elapsed time, until the following conditions are fulfilled:

1. That he has taken and passed the Multistate Professional Responsibility Examination;

2. That he has made restitution to Giever and Stephens in the amount of $3,300; and

3. That he has paid the costs assessed against him in this matter.

IT IS FURTHER ORDERED that Arrieta shall file with this Court evidence of his compliance with all of the requirements of NMSA 1978, Rules Governing Discipline, Rule 17 (Repl.Pamp.1985) on or before August 25, 1986.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court strike the name of Jose Luis Arrieta from the roll of those persons permitted to practice law in New Mexico and this Opinion be published in the State Bar of New Mexico *News and Views* and in the *New Mexico Reports.*

Costs of this action in the amount of $1,919.83 are assessed against Arrieta and are to be paid to the Disciplinary Board no later than March 31, 1987.

IT IS SO ORDERED.