733 P.2d 866

**In the Matter of Jose Luis ARRIETA, an Attorney Admitted to Practice before the Courts of the State of New Mexico.**

No. 16402.

Supreme Court of New Mexico.

Feb. 26, 1987.

Virginia A. Ferrara, Chief Disciplinary Counsel, Albuquerque, for Board.

Jose L. Arrieta, Las Cruces, for respondent.

## OPINION

PER CURIAM.

This matter comes before this Court after completion of disciplinary proceedings conducted pursuant to NMSA 1978, Rules Governing Discipline (Repl.Pamp.1985), wherein attorney Jose L. Arrieta was found to have committed violations of NMSA 1978, Code of Prof.Resp. (Repl. Pamp.1985) involving representation of conflicting parties, threatening criminal prosecution, failure to return client funds to the client, failure to cooperate with the Disciplinary Board, and other conduct prejudicial to the administration of justice and adversely reflecting on Arrieta's fitness to practice law. Since Arrieta has not requested a review by this Court of the Board's recommendation pursuant to the requirements of NMSA 1978, Rules Governing Discipline, Rule 17–316(A) (Recomp. 1986), we adopt the Disciplinary Board's findings, conclusions, and recommendation.

Arrieta was retained by Susan Bonar and accepted a retainer to serve as her attorney regarding an immigration matter as well as to assist her in the collection of certain monies owed to her by Mr. and Mrs. R.R. Hawkins and/or Toi-Ki Steele and/or Thomas Ray. Shortly thereafter Arrieta wrote demand letters to Hawkins, Steele and Ray, citing provisions of the Worthless Check Act, NMSA 1978, Sections 30–36–1 through –10 (Repl.Pamp.1980 and Cum. Supp.1985), and suggesting that the recipients of the demand letters would be prosecuted unless payment was made. After receiving Arrieta's demand letter, Hawkins made an appointment to discuss the matter with Arrieta. At the time Arrieta met with Hawkins, he was still representing Bonar.

Approximately one week after Arrieta's meeting with Hawkins, Bonar filed a lawsuit against Hawkins. Arrieta (who had been discharged by Bonar sometime between Arrieta's meeting with Hawkins and the filing of the lawsuit) interposed an answer on behalf of Hawkins. Arrieta also alleged several affirmative defenses on Hawkins' behalf, and the hearing committee found that the information necessary and sufficient to raise and/or substantiate the affirmative defenses had been provided to Arrieta by his former client Bonar or by Hawkins at a time when Arrieta was still representing Bonar. At no time did Bonar consent to Arrieta's representation of Hawkins or waive the attorney-client privilege.

The hearing committee found Arrieta's representation of Hawkins to be in violation of NMSA 1978, Code of Prof.Resp. Rule 5–105(A) (Repl.Pamp.1985). Arrieta's threat of criminal prosecution as contained in the demand letters he sent on behalf of Bonar violates NMSA 1978, Code of Prof. Resp. Rule 7–105(A) (Repl.Pamp.1985).

In June of 1984, Arrieta represented Mr. and Mrs. Frank Fenton concerning the purchase of a house by the Fentons from Blanco Construction Company. Payments under the contract were to be made to the title company on a percentage of completion basis in five (5) equal payments with fifteen percent (15%) of each to be retained and placed in escrow pending final completion of this project. Fenton mistakenly sent one payment (including retainage) to Blanco. Blanco then tendered a check to Arrieta for 15% of what he had been paid directly (the amount of retainage). The money was to be held in trust by Arrieta until the completion of the project.

Three months later, the house was completed; a certificate of completion was prepared and Fenton took possession. Fenton immediately instructed Arrieta to release the escrow monies to Blanco.

Arrieta refused to release the money to Blanco, however, as he claimed that Blanco

owed him money. The escrowed funds were removed from Arrieta's trust account (without permission from anyone) and the proceeds applied towards the fees allegedly owed to Arrieta by Blanco in other matters. The evidence produced by Arrieta at the hearing did not substantiate his claim that money was owed to him by Blanco.

Since Fenton was obligated to pay and had paid Blanco the amount of the retainage, Arrieta's removal of these funds to his own use constituted a conversion of his clients' funds in violation of NMSA 1978, Code of Prof.Resp. Rule 1–102 (Repl.Pamp. 1985). Arrieta also violated NMSA 1978, Code of Prof.Resp. Rule 9–102(B)(4) (Repl. Pamp.1985) by failing to release the entrusted funds to Blanco as directed by Fenton.

In a related case, Arrieta was retained to act as an escrow agent concerning a real estate contract between Mr. and Mrs. James Ahl and Blanco Construction Company. In July of 1984, Ahl tendered to Arrieta a check in the amount of three thousand dollars ($3,000), which represented a down payment on the purchase of a tract of land. Ahl was subsequently transferred to California and requested that Blanco agree to a recission of the real estate contract. Blanco agreed to rescind the contract and to refund to Ahl the down payment he had placed with Arrieta. He so advised Arrieta.

Arrieta refused to release the funds to Ahl, again claiming that he was entitled to the money since Blanco owed Arrieta for previous legal services. Arrieta subsequently removed the funds from his trust account (without anyone's permission) and applied the proceeds toward the fees allegedly owed to him by Blanco. To this date, Ahl has not received a refund of the escrowed $3,000 which was to have been returned to him.

By acting as an escrow agent, Arrieta assumed a fiduciary relationship to both Ahl and Blanco, and was thus required to release the escrowed funds to Ahl in accordance with the terms of the escrow agreement. Because of Arrieta's refusal to release the funds to Ahl, the hearing committee found that he violated NMSA 1978, Code of Prof.Resp. Rule 1–102(A)(1) (Repl.Pamp.1985). This conduct also violated NMSA 1978, Code of Prof.Resp. Rules 1–102(A)(4) and 9–102(B)(4) (Repl.Pamp. 1985).

Disciplinary counsel wrote to Arrieta regarding the allegations of Fenton, Ahl, and Mr. Joseph Kist. Arrieta failed to respond and a second request for information was sent by disciplinary counsel. Arrieta ignored the second request. Arrieta's conduct in this instance violated NMSA 1978, Code of Prof.Resp. Rule 1–101(C) (Repl. Pamp.1985). The Disciplinary Board also found Arrieta's cumulative conduct to be in violation of NMSA 1978, Code of Prof. Resp. Rules 1–102(A)(5) and 1–102(A)(6) (Repl.Pamp.1985).

This is not Arrieta's first encounter with the disciplinary process. *See Matter of Arrieta,* 104 N.M. 629, 725 P.2d 829 (1986); *Matter of Arrieta,* 104 N.M. 389, 722 P.2d 640 (1986).

Arrieta's conduct has been calculated, willful, and deliberate, and not a result of negligence or ignorance. As a result of Arrieta's intentional conduct, we are compelled to revoke his license to practice law in this state.

IT IS THEREFORE ORDERED that Arrieta be and hereby is disbarred and his license to practice law in New Mexico is revoked upon filing of this Order.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court forthwith strike the name of Jose L. Arrieta from the roll of those persons permitted to practice law in New Mexico and that this Order be published in the *New Mexico Reports* and in the State Bar of New Mexico *News and Views.*

The costs of this proceeding in the amount of $1,816.85 are hereby assessed against Arrieta.

IT IS SO ORDERED.