This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NORBERT A. SCHUELLER,**

    Plaintiff-Appellant,

v.                                               **NO. 30,492**

**WELLS FARGO BANK, N.M., d/b/a**
**WELLS FARGO HOME MORTGAGE,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**John W. Pope, District Judge**

Norbert A. Schueller
Belen, NM

Pro se Appellant

Moses, Dunn, Farmer & Tuthill, PC
Alicia L. Gutierrez
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Plaintiff appeals from an order dismissing his complaint with prejudice after the district court entered summary judgment in favor of Defendant on all of Plaintiff's claims. In this Court's notice of proposed summary disposition, we proposed to reverse the summary judgment on Plaintiff's conversion claim and to affirm the summary judgment on Plaintiff's remaining claims. Plaintiff and Defendant have each filed a memorandum that partially opposes and partially supports our proposed summary disposition, and we have duly considered the arguments presented in these memoranda. Plaintiff has also filed a response to Defendant's memorandum, which we have not considered, as no such response is contemplated by the Rules of Appellate Procedure. As the parties' arguments have not persuaded this Court that its proposed summary disposition should not be made, we reverse the summary judgment on Plaintiff's conversion claim and otherwise affirm.

**Summary Judgment on Plaintiff's Claims**

Plaintiff contends that the district court erred in granting summary judgment in favor of Defendant on Plaintiff's claims of fraud, conversion, and breach of fiduciary duty when there was a disputed issue of fact about whether Defendant used the funds in Plaintiff's escrow account to purchase a temporary insurance policy as provided in the agreements between the parties. [DS 10-11] "Summary judgment is appropriate

where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "We review these legal questions de novo." *Id.* "We are mindful that summary judgment is a drastic remedial tool which demands the exercise of caution in its application, and we review the record in the light most favorable to support a trial on the merits." *Woodhull v. Meinel*, 2009-NMCA-015, ¶ 7, 145 N.M. 533, 202 P.3d 126 (internal quotation marks and citation omitted), *cert. denied*, 2009-NMCERT-001, 145 N.M. 655, 203 P.3d 870.

Plaintiff's complaint alleged that he took out a loan using his home as collateral and Defendant purchased the loan. [RP 7] The loan's terms required Plaintiff to maintain hazard insurance for the property. Plaintiff was in the hospital and in rehabilitation from August 24, 2007, through September 18, 2007. [RP 7] On August 29, 2007, he received a letter from Defendant informing him that Defendant had received notice that Plaintiff's insurance policy was not going to be renewed, effective October 22, 2007. [RP 8] The letter stated that if Plaintiff did not purchase a new policy, Defendant would obtain temporary insurance coverage for the property. [RP 8] Plaintiff did not obtain new insurance, and assumed that Defendant had done so. [RP 8]

In March 2008, Plaintiff received a letter from Defendant with an insurance

binder that was retroactive for the sixty-day period of October 22, 2007 through December 21, 2007. [RP 8] The letter from Defendant stated that if Plaintiff did not provide Defendant with proof of insurance by December 21, 2007 (a date which had passed several months previously), Defendant would obtain a one-year policy on Plaintiff's property for a premium of $1,628, which would be charged to Plaintiff's escrow account on December 21, 2007. [RP 8] Plaintiff purchased his own policy on April 2, 2008, and provided Defendant with notification of the coverage. [RP 9] Defendant then sent Plaintiff a letter stating that the temporary insurance purchased by Defendant had been cancelled and that no premium was due. [RP 9] Despite Defendant's representation that no premium was due, Defendant disbursed Plaintiff's escrow funds to cover the temporary insurance for the period of the lapse. [RP 10] Plaintiff's complaint alleged that Defendant had committed fraud by making misrepresentations about the binder, by failing to disclose the material fact that his escrow account would be charged, and by providing a fraudulent binder that provided no insurance coverage. [RP 10-11] It alleged that Defendant converted the funds in Plaintiff's escrow account by disbursing the funds without providing Plaintiff with a valid insurance policy, and it alleged a breach of fiduciary duty based on the foregoing conduct. [RP 12-13] Plaintiff sought compensatory and punitive damages. [RP 13-15]

4

Defendant filed two separate motions for summary judgment. [RP 169-83, 485-96] The district court granted both motions, and because these motions disposed of all of Plaintiff's claims, the district court dismissed Plaintiff's complaint with prejudice. [RP 458-59, 662]

In our notice of proposed summary disposition, we proposed to hold that the district court erred in granting summary judgment on Defendant's claim for conversion. "Conversion is the unlawful exercise of dominion and control over property belonging to another in defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made." *Security Pac. Fin. Servs. v. Signfilled Corp.*, 1998-NMCA-046, ¶ 15, 125 N.M. 38, 956 P.2d 837. Plaintiff's complaint asserted that Defendant never obtained a valid temporary insurance policy for the period between when his prior policy ended on October 22, 2007, and when he obtained new insurance on April 2, 2008. In Defendant's motions for summary judgment, Defendant offered evidence of a binder for the sixty-day period of October 22, 2007, through December 21, 2007. [RP 204] Defendant also offered the affidavit of Jennifer Robinson, a default litigation specialist who worked for Defendant. [RP 184-87, 490] Ms. Robinson's affidavit stated that Defendant "did procure temporary insurance for which Plaintiff was charged $727.00." [RP 186] The affidavit did not

provide any other information about the policy, and did not specify what the temporary policy insured against or the period of the temporary insurance. [RP 186]

In Plaintiff's responses to Defendant's motions, Plaintiff pointed out that no insurance policy was ever issued to him and that the binder that was issued would be valid only with reference to some particular policy. [RP 534-37, 541-42] We conclude that since Defendant did not produce the claimed policy in support of either of its motions for summary judgment, and instead, simply offered Ms. Robinson's affidavit stating generally that a temporary policy was obtained, the evidence, when viewed in the light most favorable to Plaintiff as the non-moving party, did not support summary judgment on his conversion claim. Although Defendant asserted, through Ms. Robinson, that Defendant obtained appropriate hazard insurance for the entire period of the lapse, Plaintiff asserted that no such insurance was actually obtained, because he never received documentation of the policy. *See* 13.18.3.12 NMAC (requiring that creditor-placed insurance "be set forth in an individual policy or certificate of insurance" and that "copy of the individual policy, certificate of insurance coverage, or other evidence of insurance coverage shall be mailed, first class mail, or delivered in person to the last known address of the debtor"). Defendant only produced documentation of a binder for a sixty-day period and did not produce evidence that any policy was purchased that covered the entire period of October 22,

6

2007, through April 2, 2008. While a factfinder might well believe Ms. Robinson that appropriate insurance was obtained for the entire period, credibility determinations should not be made on summary judgment, and circumstantial evidence should not be weighed. *Juneau v. Intel Corp.*, 2006-NMSC-002, ¶ 23, 139 N.M. 12, 127 P.3d 548 ("Judges should not make credibility determinations or weigh circumstantial evidence at the summary judgment stage.").

In Defendant's memorandum in opposition, Defendant argues that reversal is inappropriate because Plaintiff did not set forth specific facts by affidavit or other evidence that would defeat summary judgment. [Def.'s MIO 2-5] In particular, Defendant argues that Plaintiff's statements that Defendant never purchased insurance was based on opinion or improper speculation. [Def.'s MIO 2-5] We disagree.

Plaintiff submitted an affidavit in which he stated that "no homeowner's insurance policy was ever issued to me." [RP 389] Defendant never disputed the fact that it did not provide the policy to Plaintiff either prior to or during this litigation. We believe that where Defendant did not provide a copy of the policy to Plaintiff, and provided no evidence of the policy in support of its motion for summary judgment other than a general statement from one of its employees that one was issued, there exists a question of material fact as to whether Defendant did or did not purchase such a policy. Because there is a question of material fact as to whether the $727 was

disbursed from Plaintiff's escrow account for appropriate hazard insurance that covered the period of October 22, 2007, through April 2, 2008, we reverse the district court's grant of summary judgment on Plaintiff's claim of conversion. To the degree that punitive damages can be based on a claim of conversion, Plaintiff should be able to seek punitive damages on remand.

Although we reverse the summary judgment on Plaintiff's conversion claim, we affirm the summary judgment as to the claims of fraud and breach of a fiduciary duty. In order to prevail on his fraud claims, Plaintiff was required to prove the existence of (1) a misrepresentation of fact by Defendant, (2) either knowledge of the falsity of the representation or recklessness on the part of Defendant in making the misrepresentation, (3) Defendant's intent to deceive and to induce reliance on the misrepresentation, and (4) Plaintiff's detrimental reliance on the misrepresentation. *See Cain v. Champion Window Co. of Albuquerque*, 2007-NMCA-085, ¶ 22, 142 N.M. 209, 164 P.3d 90. As we explained in our notice of proposed summary disposition, Plaintiff never established that he detrimentally relied on what he alleges were Defendant's misrepresentations. In his memorandum in opposition, Plaintiff asserts that he was not required to establish detrimental reliance at the summary judgment phase. [Pl.'s MIO 18] Plaintiff is incorrect. Detrimental reliance was an essential element of his claim, and he was required to demonstrate at least an issue of

material fact on this issue in order to defeat summary judgment. *See Blauwkamp v. University of N.M. Hosp.*, 114 N.M. 228, 232, 836 P.2d 1249, 1253 (Ct. App. 1992) (holding that the plaintiff's failure to establish an essential element of a claim is sufficient grounds for summary judgment).

In our notice of proposed summary disposition, we proposed to hold that Plaintiff could not prevail on his breach of fiduciary claim because he had not established that the relationship between Defendant and him was a fiduciary one. We relied on *American Bank of Commerce v. Covolo*, 88 N.M. 405, 407, 540 P.2d 1294, 1296 (1975), for the proposition that a banking relationship does not give rise to a fiduciary duty between the creditor and debtor. In Plaintiff's memorandum in opposition, he points out that *American Bank of Commerce* is distinguishable from this case in a number of respects. [Pl.'s MIO 22-25] While we agree with Plaintiff that the case is distinguishable, particularly in that *American Bank of Commerce* did not involve an escrow account, we nevertheless conclude that it supports our determination that the duties owed by Defendant to Plaintiff in this case were not fiduciary duties. Plaintiff cites *Bank of New York v. Regional Planning Authority*, 2005-NMCA-116, 138 N.M. 389, 120 P.3d 471, for the proposition that a bank may sometimes owe a fiduciary duty as a trustee, but there the bank was a successor trustee to an arrangement under a trust indenture executed in connection with the issuance

9

and sale of bonds to fund a low income housing project. The bank in that case was specifically engaged as a trustee, and apparently was not acting as a lender. Although Plaintiff does not cite these cases, we are aware that New Mexico law recognizes that when two parties to an agreement entrust a third party with funds in an escrow account, the escrow agent owes a fiduciary duty to the parties. *See In re Arrieta*, 105 N.M. 418, 420, 733 P.2d 866, 868 (1987); *Allen v. Allen Title Co*., 77 N.M. 796, 800, 427 P.2d 673, 676 (1967). However, in those cases, the escrow agent was not acting as a lender. Plaintiff has cited no authority from this or any other jurisdiction to support his argument that a bank that makes a home loan and maintains an escrow account to protect its interest in the mortgaged property has entered into a fiduciary relationship with the debtor. Plaintiff has therefore failed to demonstrate that reversal is warranted. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that where a party cites no authority to support an argument, we may assume no such authority exists); *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**Evidentiary Issues**

In Plaintiff's docketing statement, he raised several claimed errors related to the

evidence that the district court relied upon in granting summary judgment. [DS 11-12] Because we have reversed the summary judgment on Plaintiff's conversion claim in part because there was a question of fact as to the period of the insurance coverage obtained by Defendant, we have already addressed Defendant's arguments that the binder was not sufficient to establish coverage beyond the sixty-day binder period.

As for Defendant's argument that the district court erred in determining that the mortgage agreement controlled the hazard insurance authorization, we stated in our notice of proposed summary disposition that it was not clear to this Court what Plaintiff meant by this argument, and that it was not clear that the argument was preserved. Accordingly, we proposed to decline to review this issue. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."); *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[A] party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue."). We stated that in any memorandum in opposition Plaintiff wished to file, Plaintiff should explain more clearly what he believed the district court did wrong, must explain how he preserved this argument by bringing it to the attention of the district court, and must provide

legal authority that supported his argument. In Plaintiff's memorandum in opposition, Plaintiff does not follow this Court's instructions or even address his original claim of error, and instead argues that Defendant's attorney engaged in misconduct. [Pl.'s MIO 26-27] As Plaintiff failed to demonstrate any error with respect to the issue he raised in his docketing statement, we find no reversible error. **Judicial Bias**

Plaintiff contends that the district court was biased against him and in favor of Defendant because Defendant is a bank. [DS 12] In our notice of proposed summary disposition, we explained that improper judicial bias "must be of a personal nature against the party seeking recusal," and must generally "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *State v. Ruiz*, 2007-NMCA-014, ¶ 15, 141 N.M. 53, 150 P.3d 1003 (internal quotation marks and citation omitted). Because Plaintiff's docketing statement did not provide any evidence of such bias, we proposed to hold that the judge was not improperly biased in favor of Defendant. In Plaintiff's memorandum in opposition, he points to a number of actions taken by the district court that he believes are evidence of improper judicial bias. [Pl.'s MIO 29-30] These include the failure to grant certain hearings and the denial of Plaintiff's request for leave to proceed in forma pauperis. [Pl.'s MIO 29-30] Even if Plaintiff were able to demonstrate that the district court erred in its decisions, such errors are

simply not evidence of improper bias. Plaintiff's memorandum in opposition also provides this Court with Plaintiff's personal theories about the district court judge's psychology. [Pl.'s MIO 31] Plaintiff's theories are not evidence of improper bias. Accordingly, reversal is not warranted on this basis.

For the reasons stated in this opinion and in our notice of proposed summary disposition, we reverse the summary judgment on Plaintiff's claim for conversion and affirm the judgment as to Plaintiff's other claims.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**MICHAEL E. VIGIL, Judge**