COWDREY v A T TRANSPORT

Docket No. 72124. Submitted February 23, 1984, at Lansing.—Decided April 1, 1985.

Plaintiff, William Cowdrey, brought an action against A. T. Transport, alleging the breach of an oral employment contract. Plaintiff sought damages for breach of contract and for mental and emotional distress. Plaintiff alleged that defendant's representatives had indicated that, as long as defendant was in business and plaintiff did his job, plaintiff would not have to worry about a job. Plaintiff was discharged from employment more than five years later. The Gratiot Circuit Court, Timothy M. Green, J., granted summary judgment for defendant, ruling that the employment contract was terminable at will because it was not for a definite period of time and that damages for mental distress are not available for a breach of contract. Plaintiff appealed. *Held:*

1. Because the contract herein could have been completed within one year, it did not violate the statute of frauds.

2. A contract which provides that an employee shall not be discharged except for cause is enforceable even though the contract is not for a definite term. Further, such a provision does not render the contract to be a satisfaction contract under which the employer is the sole judge of the propriety of the discharge. The trial court erred in holding the contract to be terminable at will.

3. The court properly granted summary judgment on the claim for damages for mental and emotional distress. Mental distress damages are not recoverable for breach of an employment contract nor, in the absence of an allegation of tortious conduct independent of the breach, are exemplary damages recoverable.

Affirmed in part, reversed in part, and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 72 Am Jur 2d, Statute of Frauds § 7 *et seq.*
[2-4] 53 Am Jur 2d, Master and Servant § 45.
Employee's arbitrary dismissal as breach of employment contract terminable at will. 62 ALR3d 271.
[4] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance § 33.
53 Am Jur 2d, Master and Servant § 63.

1. FRAUDS, STATUTE OF — CONTRACTS — ORAL CONTRACTS.

   The statute of frauds is not violated by an oral contract which may be completed in less than one year, even though it is probable that the contract will extend for a period of years (MCL 566.132[a]; MSA 26.922[a]).

2. CONTRACTS — EMPLOYMENT CONTRACTS.

   A provision of an employment contract providing that an employee shall not be discharged except for cause is legally enforceable even though the contract is not for a definite term.

3. CONTRACTS — EMPLOYMENT CONTRACTS — DISCHARGE OF EMPLOYEE.

   A promise to discharge an employee only for cause or for good cause is not a satisfaction contract under which the employer is the sole judge of the propriety of the discharge.

4. CONTRACTS — EMPLOYMENT CONTRACTS — MENTAL DISTRESS — EXEMPLARY DAMAGES.

   A person discharged in breach of an employment contract may not recover damages for mental distress nor, in the absence of an allegation of tortious conduct independent of the breach, exemplary damages.

*Sablich, Ryan, Bobay & Pollok, P.C.* (by *Lawrence D. Kaechele*), for plaintiff.

*Fortino, Plaxton & Moskal* (by *Charles M. Fortino*), for defendant.

Before: BRONSON, P.J., and R. B. BURNS and R. L. BORSOS,* JJ.

PER CURIAM. Plaintiff appeals as of right from a circuit court order of summary judgment dismissing plaintiff's complaint for breach of an oral employment contract.

In his complaint, plaintiff alleged that he had been employed by defendant pursuant to a contract of employment entered into in April, 1976. Plaintiff averred that defendant had breached the employment contract by discharging plaintiff without cause in December, 1981. In Count I, plaintiff

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sought monetary damages for breach of contract. In Count II, plaintiff alleged that he was entitled to damages for mental and emotional distress.

In his deposition, plaintiff testified that in March, 1976, he met with representatives of defendant to discuss the employment of plaintiff and his wife with defendant. At the meeting in March, wages and benefits were discussed. Plaintiff questioned defendant's representatives about job security and made a special point of inquiring about the duration of the position. Plaintiff testified that defendant's representative "[g]uaranteed us that as long as the company was in operation and we done our job, that we would never have to worry about a job * * *". Plaintiff quoted the agent as saying, "[a]s long as you people do your job and A & T Transport is in business, you'll never have a thing to worry about". Plaintiff was subsequently hired as a terminal manager and dispatcher in April, 1976. The parties did not enter into a written contract. In December, 1981, plaintiff was discharged.

Defendant filed a motion for summary judgment based on the statute of frauds, MCL 566.132(a); MSA 26.922(a). The trial court granted defendant's motion, ruling that the contract was terminable at will because it was for an indefinite period of time. The court also held that damages for mental distress are not available for breach of contract.

We first address defendant's contention that the contract was for more than one year and therefore was void under the statute of frauds. For purposes of this appeal, we consider defendant's motion to be one for accelerated judgment. GCR 1963, 116.1(5). Plaintiff claims that he had an oral contract under which he could only be fired for just cause as long as the company was in operation. Where an oral contract may be completed in less

than one year, even though it is probable the contract will extend for a period of years, the statute of frauds is not violated. *Fothergill v McKay Press,* 361 Mich 666, 668; 106 NW2d 215 (1960). In the present case, the contract could have been performed within one year. The company could have terminated its operations or plaintiff could have performed so poorly that defendant would have had just cause to discharge him within one year. *Rowe v Noren Pattern & Foundry Co,* 91 Mich App 254, 256-257; 283 NW2d 713 (1979); *Hrab v Hayes-Albion Corp,* 103 Mich App 90, 94; 302 NW2d 606 (1981). To the extent that the trial court granted defendant's motion on the basis of the statute of frauds defense, we find error.

We next address the trial court's ruling that the contract was terminable at will because it was for an indefinite period of time. In *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), the Supreme Court specifically rejected such a proposition and held that "a provision of an employment contract providing that an employee shall not be discharged except for cause is legally enforceable although the contract is not for a definite term * * *". *Toussaint,* p 598. The representations relied on in *Toussaint* to claim an employment contract terminable for just cause only are virtually identical to those relied on by plaintiff in the present case.[1] Defendant argues, however, that the contract in the present case is a satisfaction contract under which the employer is

[1] The *Toussaint* opinion explicitly describes the basis for the contracts in that case:

"Both Toussaint and Ebling inquired regarding job security when they were hired. Toussaint testified that he was told he would be with the company 'as long as I did my job'. Ebling testified that he was told that if he was 'doing the job' he would not be discharged. Toussaint's testimony, like Ebling's, made submissible to the jury whether there was an agreement for a contract of employment terminable only for cause." 408 Mich 597. See, also, 408 Mich 597, n 5.

the sole judge of the propriety of the discharge. In *Toussaint,* the Supreme Court rejected such an argument and held that a promise to discharge for cause or good cause only is not a satisfaction contract. *Toussaint,* pp 620-621. Consequently, the trial court was in error when it found that the contract was terminable at will because it was for an indefinite period of time.

We believe, however, that the trial court properly granted summary judgment on Count II of plaintiff's complaint. Count II of plaintiff's complaint, whether construed as a claim for exemplary damages or damages for mental and emotional distress, does not state a claim upon which relief could be granted. GCR 1963, 117.2(1). A person discharged in breach of an employment contract may not recover mental distress damages. *Valentine v General American Credit, Inc,* 420 Mich 256; 362 NW2d 628 (1985). Since plaintiff has not alleged tortious conduct independent of the breach, plaintiff has not stated a claim upon which exemplary damages may be awarded. *Valentine, supra,* p 263; *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 420-421; 295 NW2d 50 (1980).

The trial court's order granting summary judgment for defendant on Count II of plaintiff's complaint is affirmed. The trial court's order granting summary judgment for defendant on Count I of plaintiff's complaint is reversed and this case is remanded for further proceedings not inconsistent with this opinion.

Affirmed in part; reversed in part.