738 P.2d 513

**Gloria SILVA, Plaintiff-Appellant,**

**v.**

**ALBUQUERQUE ASSEMBLY & DISTRIBUTION FREEPORT WAREHOUSE CORPORATION, Defendant-Appellee.**

No. 16323.

Supreme Court of New Mexico.

May 29, 1987.

Eric Isbell-Sirotkin, Albuquerque, for plaintiff-appellant.

Cherpelis & Associates, George Cherpelis, Laurie A. Vogel, Albuquerque, for defendant-appellee.

## OPINION

SCARBOROUGH, Chief Justice.

Gloria Silva (appellant) filed a complaint in the District Court of Bernalillo County against her former employer, Albuquerque Assembly & Distribution Freeport Warehouse Corporation (appellee). The two count complaint alleged breach of an implied contract of employment based upon a personnel manual and commission of the tort of retaliatory discharge. Damages for emotional distress were sought only in connection with the breach of contract claim. However, the trial court prohibited the admission of evidence on the claim of emotional distress pursuant to appellee's pretrial motion in limine.

The jury found in favor of appellant on the breach of contract claim and against her on the retaliatory discharge claim. This appeal followed, and we now affirm the judgment of the trial court.

The relevant facts are as follows. A personnel manual issued by the employer-appellee provided that employer-appellee would maintain group health insurance for its employees. While appellant was on a leave of absence, during which she incurred medical expenses, appellee's group health insurance policy covering appellant's medical expenses lapsed. Appellee's new insurance policy did not provide coverage for appellant.

Appellant was also terminated from her employment, purportedly due to her complaints regarding alleged unhealthy working conditions and alleged fraudulent charging practices of appellee. This was

the basis for appellant's retaliatory discharge claim; it was also argued to be a breach of the implied contract of employment.

The following issues are presented on appeal:

1. Whether emotional distress damages are recoverable in a breach of employment contract action;

2. Whether the trial court erred in instructing the jury that retaliatory discharge must be proved by clear and convincing evidence;

3. Whether it was error for the trial court to instruct the jury that they could find either breach of contract or retaliatory discharge, but not both;

4. Whether the trial court erred in instructing the jury that plaintiff must prove defendant engaged in the allegations underlying the retaliatory discharge claim; and

5. Whether the trial court's jury instructions on the requisite causation for finding a retaliatory discharge were erroneous.

## DISCUSSION

Appellant's first argument is that the trial court's exclusion of evidence relating to emotional distress damages was error and raises the legal issue of whether such damages are recoverable in an action for breach of an implied contract of employment. Appellant submits that appellee's failure to provide medical insurance coverage was a breach of the employment contract giving rise to a claim for tort-like emotional distress damages. We disagree.

Appellant relies on *Noble v. National American Life Insurance Co.*, 128 Ariz. 196, 624 P.2d 874 (App.1979), *vacated*, 128 Ariz. 188, 624 P.2d 866 (1981) and *Chavez v. Chenoweth*, 89 N.M. 423, 553 P.2d 703 (Ct.App.1976). Appellant's reliance is misplaced in that those cases involve insurance contracts. In contrast, the case at bar involves an implied contract of employment. The jury found, by special verdict, that defendant-appellee breached an implied contract of employment. That finding is not challenged on appeal and is

therefore deemed conclusive and accepted as true by this Court. NMSA 1978, Civ. App.R. 9(a)(3)(ii) (Supp.1985); *City of Roswell v. Reynolds*, 86 N.M. 249, 522 P.2d 796 (1974).

We hold that damages for emotional distress are not recoverable in an action for breach of an employment contract, whether express or implied, in the absence of a showing that the parties contemplated such damages at the time the contract was made. *See Fogleman v. Peruvian Associates*, 127 Ariz. 504, 622 P.2d 63 (App.1980), *disapproved on other grounds, Fleming v. Pima County*, 141 Ariz. 149, 156 n. 5, 685 P.2d 1301, 1308 n. 5 (1984); *accord Fisher v. General Tel. Co.*, 510 F.Supp. 347 (E.D.Mich.1980); *Henry Morrison Flagler Museum v. Lee*, 268 So.2d 434 (Fla.App.1972); *Cowdrey v. A.T. Transp.*, 141 Mich.App. 617, 367 N.W.2d 433 (1984). Accordingly, we find that the trial court's exclusion of evidence as to appellant's claim for emotional distress damages in the present case was proper.

" '[T]he purpose of allowing damages in a breach of contract case is the restoration to the injured of what he has lost by the breach, and what he reasonably could have expected to gain if there had been no breach.' " *Board of Educ. v. Jennings*, 102 N.M. 762, 765, 701 P.2d 361, 364 (1985) (quoting *Allen v. Allen Title Co.*, 77 N.M. 796, 798, 427 P.2d 673, 675 (1967)). The underlying principle is compensation. *Id.* In discussing the measure of damages for breach of an employment contract, this Court has stated that " '[a] party whose contract has been breached is not entitled to be placed in a better position because of the breach than he would have been in had the contract been performed.' " *Id.* (quoting *Blair v. United States ex rel. Hogan*, 150 F.2d 676, 678 (8th Cir.1945)).

In the present case the jury found, by special verdict, that plaintiff-appellant suffered damages in the amount of five hundred dollars ($500.00) due to appellee's breach of the implied contract of employment. Plaintiff has been restored, by the damages award, to the position she would have enjoyed had there been no breach.

■ Appellant next urges this Court to overrule *Vigil v. Arzola,* 102 N.M. 682, 699 P.2d 613 (Ct.App.1983), *rev'd in part on other grounds and remanded,* 101 N.M. 687, 687 P.2d 1038 (1984), to the extent that it requires proof of a claim of retaliatory discharge by clear and convincing evidence. This we are not willing to do. We hold that the trial court's jury instructions regarding the standard of proof applied in retaliatory discharge actions were correct and consistent with *Vigil v. Arzola. See Vigil,* 102 N.M. at 689, 699 P.2d at 620. We therefore reject appellant's allegation of error in the trial court's refusal of her "preponderance of the evidence" instruction. *See generally Kirk Co. v. Ashcraft,* 101 N.M. 462, 684 P.2d 1127 (1984) (not error to deny requested instructions when instructions given adequately cover the law to be applied).

■ The third issue on appeal is whether the trial court erred in instructing the jury that they could find either a breach of contract or retaliatory discharge, but not both. We hold that the instruction given was not erroneous.

> "[I]t has been held by the overwhelming weight of authority that the discharge of an employee in violation of his contract irrespective of the motive therefor constitutes only a breach of contract and not a tort.... The only exception to the rule is where the wrongful discharge is tinctured with fraud. But for obvious reasons motive for discharge alone does not partake of any of the elements necessary to constitute fraud."

*Bottijliso v. Hutchison Fruit Co.,* 96 N.M. 789, 791, 635 P.2d 992, 994 (Ct.App.1981) (quoting *Odell v. Humble Oil & Ref. Co.,* 201 F.2d 123, 128 (10th Cir.), *cert. denied,* 345 U.S. 941, 73 S.Ct. 833, 97 L.Ed. 1367 (1953)). The subsequent judicial recognition of the tort of retaliatory discharge in *Vigil* does not affect this proposition.

A retaliatory discharge cause of action was recognized in New Mexico as a narrow exception to the terminable at-will rule; its genesis and sole application has been in regard to employment at-will. *Vasquez v. Mason & Hanger-Silas Mason Co.,* No. CIV 85-0150 HB (D.N.M. Aug. 1, 1985) (WESTLAW, DCTU database, enter "Vasquez v. Mason"). The express reason for recognizing this tort, and thus modifying the terminable at-will rule, was "the need to encourage job security" for those employees not protected from wrongful discharge by an employment contract. *See Vigil,* 102 N.M. at 688, 699 P.2d at 619. Obviously, if an employee is protected from wrongful discharge by an employment contract, the intended protection afforded by the retaliatory discharge action is unnecessary and inapplicable.

Our holding on this issue is also consistent with recent federal court interpretations of New Mexico law in cases addressing the scope and applicability of a retaliatory discharge action. *See, e.g., Vasquez* (where employee is working under a union contract, no wrongful discharge action will lie against the employer because protection against wrongful discharge is already enjoyed by such employee); *Salazar v. Furr's Inc.,* 629 F.Supp. 1403 (D.N.M.1986) (if employee has protection either because of employment contract or through another cause of action, the tort is unnecessary and will not be recognized); *accord Lamb v. Briggs Mfg.,* 700 F.2d 1092 (7th Cir.1983) (judicially created retaliatory discharge action applies only to at-will employees and is not available to employees covered by contract). We decline to extend the tort of retaliatory discharge beyond the limited context in which it has been recognized.

The remaining issues raised in this appeal are based upon allegations of erroneous jury instructions regarding the retaliatory discharge claim. Having reviewed the record, we find the instructions given were correct and adequate. Accordingly, those issues will not be addressed. *See Kirk Co. v. Ashcraft.*

The judgment entered by the trial court is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS and WALTERS, JJ., concur.

RANSOM, J., not participating.