**Jeremias SILVA, Plaintiff–Appellee,**

v.

**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EM- PLOYEES, a national labor union, Defendant–Appellant,**

and

**Luis Arellano, Evelina Marquez, Defendants.**

**No. 99–2263.**

United States Court of Appeals, Tenth Circuit.

Oct. 27, 2000.

As Amended Nov. 14, 2000.

Before KELLY, HENRY, Circuit Judges and SHADUR, District Judge.*

* The Honorable Milton I. Shadur, United States Senior District Judge for the Northern

### CERTIFICATION OF QUESTION OF STATE LAW

HENRY, Circuit Judge.

The United States Court of Appeals for the Tenth Circuit, pursuant to the provisions of The Uniform Certification of Questions of Law Act, N.M. Stat. Ann. §§ 39–7–1 to 39–7–13, and § 34–2–8 N.M. Stat. Ann. and N.M.R. App. P. 12–607, desires to submit to the Supreme Court of New Mexico a request that the Court exercise its discretion to accept the following important certified questions of New Mexico law, which may be determinative of this case now pending in this court, and as to which it appears that there is no controlling precedent in the Supreme Court of New Mexico:

(1) Does the New Mexico Supreme Court's holding in *Gandy v. Wal–Mart Stores, Inc.*, 117 N.M. 441, 872 P.2d 859 (1994), allow a plaintiff who is not an at-will employee to pursue an action for the tort of retaliatory discharge under the public policy exception outlined in *Silva v. Albuquerque Assembly & Distribution Freeport Warehouse Corp.*, 106 N.M. 19, 738 P.2d 513, 515 (1987), when the plaintiff has an alternative remedial grievance procedure available under a collective bargaining agreement?

(2) If the answer to Part (1) is yes,

(a) what is the impact of language in the collective bargaining agreement that designates the agreement's remedy as the exclusive remedy available to the plaintiff?

(b) what is the impact of language in the collective bargaining agreement that designates the agreement's remedy as the nonexclusive remedy available to the plaintiff?

(3) If the answer to Part (1) is yes and if the collective bargaining agreement's alternative remedial scheme is not facially exclusive or permissive,

District of Illinois, sitting by designation.

692

(a) what is the impact of the evident intent of the parties to agreement to preempt tort claims based upon the comprehensiveness of the administrative scheme and the completeness of the remedy the scheme affords?

We do not mean to limit by our statement of these questions the scope of the New Mexico Supreme Court's scope or its consideration of the issues involved.

## I. BACKGROUND

This matter is before the court on an appeal from the denial of appellant American Federation of State, County and Municipal Employees ("AFSCME") AFSCME's motions for judgment as a matter of law, for a new trial, and for remittitur. The plaintiff, Mr. Silva, was formerly a union organizer for AFSCME. He brought several claims against AFSCME: (1) breach of employment contract, (2) intentional infliction of emotional distress, (3) violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213, based upon AFSCME's failure to make reasonable accommodations for his physical conditions, and (4) retaliatory discharge for Mr. Silva's contacts with law enforcement officers about incidents occurring at the union. The district court granted AFSCME's motion to dismiss the claims for breach of contract and intentional infliction of emotional distress. At the close of Mr. Silva's case, the court granted AFSCME's motion for judgment as a matter of law on his ADA claim. However, on his retaliatory discharge claim, a jury awarded him $624,940.00 in compensatory damages and $1,000,000.00 in punitive damages.

Mr. Silva's employment with AFSCME is covered by a collective bargaining agreement, which states in part:

Any disciplinary action or measure imposed upon an employee may be processed as a grievance through the regular grievances procedure.

AFSCME contends that the collective bargaining agreement provides Mr. Silva with the exclusive procedure to redress his claims, and that he is thus not permitted to bring an action for the tort of retaliatory discharge.

## II. NEW MEXICO CASE LAW

In *Silva v. Albuquerque Assembly & Distribution Freeport Warehouse Corp.,* 106 N.M. 19, 738 P.2d 513, 515 (1987), the New Mexico Supreme Court reiterated the narrowness of the tort of retaliatory discharge for employees who are covered by an employment contract. In *Silva,* the plaintiff alleged (1) breach of an implied contract based upon a personnel manual and (2) retaliatory discharge. The jury found for Ms. Silva on the breach of contract claim and against her on the retaliatory discharge claim.

In upholding an instruction that the jury could find either a breach of contract or retaliatory discharge, but not both, the *Silva* court held:

A retaliatory discharge cause of action was recognized in New Mexico as a narrow exception to the terminable at-will rule; its genesis and sole application has been in regard to employment at-will.... The express reason for recognizing this tort, and thus modifying the terminable at-will rule, was "the need to encourage job security" for those employees not protected from wrongful discharge by an employment contract.... Obviously, if an employee is protected from wrongful discharge by an employment contract, the intended protection afforded by the retaliatory discharge action is unnecessary and inapplicable.

Our holding on this issue is also consistent with recent federal court interpretations of New Mexico law in cases addressing the scope and applicability of a retaliatory discharge action.... We decline to extend the tort of retaliatory

discharge beyond the limited context in which it has been recognized.

738 P.2d at 515 (internal citations omitted).

Five years later, in *Gandy v. Wal–Mart Stores, Inc.*, 117 N.M. 441, 872 P.2d 859 (1994), the same court addressed the question of whether a plaintiff could bring a retaliatory discharge claim when she alleges that she was discharged from employment in retaliation for seeking relief under the New Mexico Human Rights Act, N.M. Stat. Ann. §§ 28–1–1 to –15 (Repl. Pamp. 1991). Ms. Gandy filed a discrimination complaint with the Human Rights Division of the New Mexico Department of Labor (the Division) alleging that her employer had discriminated her because of a medical condition. She was later terminated from her position. Ms. Gandy then filed another complaint with the Division alleging retaliatory discharge pursuant to Section 28–1–7(I) of the Human Rights Act, which prohibited any employer from "engag[ing] in any form of . . . reprisal . . . against any person who has . . . filed a complaint . . . under the Human Rights Act." Ms. Gandy subsequently filed the breach of contract/retaliatory discharge action in federal court and withdrew her Human Rights complaint.

Ms. Gandy's employer, Wal–Mart Stores, Inc., argued that the tort of retaliatory discharge could not be grounded on violation of a public policy declaration embodied in a legislative enactment that provided its own remedial scheme, because the purpose of recognizing the tort is to provide a remedy where the employee is otherwise unprotected. In determining that the grievance procedure under the Human Rights Act was permissive and not mandatory, the *Gandy* court stated:

> Under N.M.S.A.1978, Section 12–2–2(I) (Repl. Pamp. 1988), entitled "Rules of construction," "the words 'shall' and 'will' are mandatory and 'may' is permissive." Based on this canon of statutory construction, the grievance procedure in the Act appears to be permissive and not mandatory. . . .

Although we acknowledge that legislative silence is at best a tenuous guide to legislative intent, . . . the fact remains that there is no language in the Human Rights Act stating that its remedies are intended to be exclusive. Absent such language, we decline to infer a legislative intent to preempt tort claims unless such intent is clearly demonstrated by the comprehensiveness of the administrative scheme and the completeness of the remedy it affords. . . .

Although the Human Rights Act provides an efficient, sensible, and comprehensive scheme for remedying violations of the rights it protects, *see* §§ 28–1–10 to –12 (relating, respectively, to procedures for grievances, hearings, and enforcement), the remedies it affords differ from those potentially available under the tort of retaliatory discharge. Punitive damages are sometimes recoverable in tort actions but are not recoverable under the Human Rights Act. . . . Because the language of the Act is permissive and contains no declaration that the remedies it provides are exclusive, and because the remedies provided in the Act are not the same as the remedies available in a tort action for retaliatory discharge, we hold that the legislature did not intend the Act's remedies to be exclusive.

872 P.2d at 861–62 (internal citations and footnotes omitted).

In this case, Mr. Silva's employment is covered by a collective bargaining agreement that provides a grievance and arbitration procedure. Mr. Silva contends the procedures are permissive and allow him to pursue the tort claim. AFSCME counters that the procedures are exclusive and mandatory and foreclose Mr. Silva's action for retaliatory discharge.

## III. CONCLUSION

This court concludes that this proceeding involves important questions of state law under the statutes of New Mexico and that it is appropriate that the Supreme

Court of New Mexico be afforded an opportunity to decide them. It appears that these questions may be determinative of the appeal now pending before this court and that there is no controlling precedent. This court accordingly concludes that it should submit these certified questions to the New Mexico Supreme Court. In its discretion, that court may answer the questions pursuant to Rule 12–607 of the New Mexico Rules of Appellate Procedure.

Therefore, the undersigned presiding judge of the panel submits this certification to the Supreme Court of New Mexico, in accordance with Rule 12–607 of the New Mexico Rules of Appellate Procedure. The Clerk of this court is directed to transmit a copy of this certification to counsel for all parties to the proceedings in this court. The Clerk shall also submit to the Clerk of the Supreme Court of New Mexico a certified copy of this certification order, together with copies of the briefs filed in this court, and either the original or a copy of the record as filed in this court by the Clerk of the United States District Court for the District of New Mexico. We greatly appreciate the consideration of this request.

The appeal is ordered STAYED pending resolution of the certified questions herein.