2001-NMSC-038

37 P.3d 81

**Jeremias SILVA, Plaintiff–Appellee,**

**v.**

**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, a national labor union, Defendant–Appellant,**

and

**Luis Arellano and Evelina Marquez, Defendants.**

**No. 26,641.**

Supreme Court of New Mexico.

Nov. 26, 2001.

Jones, Snead, Wertheim, Wentworth & Jaramillo, P.A., Arturo L. Jaramillo, Jerry Todd Wertheim, Santa Fe, NM, Rothstein, Donatelli, Dahlstrom, Schoenburg and Enfield, L.L.P., Robert R. Rothstein, Santa Fe, NM, Bredhoff & Kaiser, P.L.L.C., W. Gary Kohlman, Alice O'Brien, Washington, DC, for Appellant.

Robert L. Pidcock, Albuquerque, NM, for Appellee.

## OPINION

MINZNER, Justice.

{1} In this case, we accepted certification of several questions relating to the tort of retaliatory discharge from the United States Court of Appeals for the Tenth Circuit. *See Silva v. Am. Fed'n of State, County, and Mun. Employees,* 231 F.3d 691 (10th Cir.2000). These questions arose in an appeal by the American Federation of State, County and Municipal Employees (AFSCME) from the denial of their motions for judgment, for a new trial, and for remittitur following a substantial jury verdict for an employee who was subject to a collective bargaining agreement. We have jurisdiction under NMSA 1978, § 39–7–4 (1997) and Rule 12–607 NMRA 2001. The first question certified is:

> Does the New Mexico Supreme Court's holding in *Gandy v. Wal–Mart Stores, Inc.,* 117 N.M. 441, 872 P.2d 859 (1994), allow a plaintiff who is not an at-will employee to pursue an action for the tort of retaliatory discharge under the public policy exception outlined in *Silva v. Albuquerque Assembly & Distribution Freeport Warehouse Corp.,* 106 N.M. 19, 738 P.2d 513, 515 (1987), when the plaintiff has an alternative remedial grievance procedure

available under a collective bargaining agreement?

231 F.3d at 691. We conclude that *Gandy* does not "allow a plaintiff who is not an at-will employee to pursue an action for the tort of retaliatory discharge under the public policy exception," to the at-will doctrine. Because we answer the first question in the negative, we do not need to address the remaining questions that were certified.

## I.

{2} Jeremias Silva worked for AFSCME as a union organizer, and Silva's employment was governed by a collective bargaining agreement. 231 F.3d at 692. That agreement, in relevant part, states that "[n]o employee shall be discharged or otherwise disciplined except for just and sufficient cause." The agreement also provides for a grievance procedure potentially ending in final and binding arbitration. *Id.*

{3} AFSCME fired Silva. After he was fired, he brought several claims against his former employer in federal district court: (1) breach of employment contract, (2) intentional infliction of emotional distress, (3) violations of the Americans with Disabilities Act, and (4) retaliatory discharge. The federal district court granted AFSCME's motion to dismiss the first two claims and at the close of Silva's case granted AFSCME's motion for judgment as a matter of law on the third.

{4} The retaliatory discharge claim went to the jury, which awarded Silva $624,940 in compensatory damages and $1,000,000 in punitive damages. AFSCME then moved for judgment as a matter of law, or an order granting a new trial and vacating the punitive damage award, or a remittitur of the punitive damage award. The district court denied these motions.

{5} AFSCME appealed the denial of these motions to the Court of Appeals for the Tenth Circuit. On appeal, AFSCME argued, among other things, that the New Mexico tort of retaliatory discharge did not apply to Silva because his employment contract protected him from wrongful discharge.

{6} The Court of Appeals for the Tenth Circuit then certified three questions to this court. The first question, quoted above, asked about the effect of *Gandy* on this Court's statements in *Silva* concerning the tort of retaliatory discharge. The second and third questions concern the effect of the collective bargaining agreement on the tort, and expressly request a response only if the answer to the first question is yes.

{7} AFSCME had argued on appeal to the Tenth Circuit—and continues to argue—that *Silva* states a holding not affected by *Gandy*. AFSCME relied on the following language from *Silva*:

A retaliatory discharge cause of action was recognized in New Mexico as a narrow exception to the terminable at-will rule; its genesis and sole application has been in regard to employment at-will. The express reason for recognizing this tort, and thus modifying the terminable at-will rule, was the need to encourage job security for those employees not protected from wrongful discharge by an employment contract. Obviously, if an employee is protected from wrongful discharge by an employment contract, the intended protection afforded by the retaliatory discharge action is unnecessary and inapplicable.

106 N.M. at 21, 738 P.2d at 515 (citations and internal quotation marks omitted).

{8} Silva argued to the federal district court and on appeal—and continues to argue—that *Gandy* modifies or clarifies the holding in *Silva*. Silva relied on the following language in *Gandy*:

Wal–Mart relies on *Silva v. Albuquerque Assembly & Distribution Freeport Warehouse Corp.*, 106 N.M. 19, 738 P.2d 513 (1987) and *McGinnis v. Honeywell, Inc.* 110 N.M. 1, 791 P.2d 452 (1990), for the proposition that the tort of retaliatory discharge will not lie where an employee is protected against wrongful discharge by another cause of action (in those cases, breach of an employment contract). We agree with Wal–Mart's position to the extent it intimates that a plaintiff cannot recover twice for the same harm—once under the employment contract (or the

Human Rights Act, as the case may be) and again under the tort....

117 N.M. at 444, 872 P.2d at 862.

{9} We agree with AFSCME that *Gandy* does not alter the rule reiterated in *Silva.* Thus, we answer the first question in the negative. Our reasons are as follows.

## II.

{10} The law of retaliatory discharge in New Mexico must be read against the backdrop of the doctrine of at-will employment. Absent an express employment contract that limits the ability of an employer to discharge his or her employees, the employer or the employee may terminate the relationship "for good cause, for no cause or even for cause morally wrong, without being thereby guilty of legal wrong." *Vigil v. Arzola,* 102 N.M. 682, 686, 699 P.2d 613, 617 (Ct.App.1983) (quoted authority and quotation marks omitted), *rev'd on other grounds,* 101 N.M. 687, 687 P.2d 1038 (1984), *overruled in part by Chavez v. Manville Prods. Corp.,* 108 N.M. 643, 649, 777 P.2d 371, 377 (1989). New Mexico common law has recognized breach of implied contract and retaliatory discharge as two exceptions to this doctrine and has rejected a third—the implied covenant of good faith and fair dealing. *Melnick v. State Farm Mut. Auto. Ins. Co.,* 106 N.M. 726, 730, 749 P.2d 1105, 1109 (1988).

{11} In recognizing the tort of retaliatory discharge, the Court of Appeals characterized it as a limited exception to the doctrine of at-will employment:

> In view of present economic conditions and the need to encourage job security, we believe that a cause of action should exist when the discharge of an employee contravenes some clear mandate of public policy. We do not abrogate the at will rule; we only limit its application to those situations where the employee's discharge results from the employer's violation of a clear public policy.

*Vigil,* 102 N.M. at 688, 699 P.2d at 619. In defining the tort, the *Vigil* court equated its purpose with job security: "What is at stake is job security, not reparation for every conceivable ill." 102 N.M. at 689, 699 P.2d at 620.

{12} In *Silva* this Court recognized that, having been created as an exception to the at-will rule in New Mexico, the tort of retaliatory discharge would not extend as a matter of logic to employees who are not at-will. Because "its genesis and sole application has been in regard to employment at-will," it is "unnecessary and inapplicable" when the employee is protected from wrongful discharge by an employment contract. 106 N.M. at 21, 738 P.2d at 515. It was therefore not error for the trial court to instruct the jury that it could find either a breach of contract or a retaliatory discharge, but not both.

{13} As a practical matter, one might reason that the tort is "unnecessary" for contract employees because a requirement that an employee can be disciplined only for just cause protects the employee from retaliation and limits the employer's ability to violate a public policy of New Mexico. As a logical matter, one might reason that the tort is "inapplicable" to contract employees because it was created only to be an exception to the at-will status, a status many employees have and for which the tort is a necessary protection. Therefore, there was no reason to extend the tort to employees whose at-will status is limited by contract.

{14} The Tenth Circuit asks, we think, on what basis and by what reasoning we resolved the issues presented in *Silva.* We understand the Tenth Circuit to have thought *Gandy* either put in doubt this Court's holding in *Silva* or perhaps modified that holding. We conclude *Gandy* addressed a different issue than presented in *Silva,* and thus should not be read to alter or modify *Silva.*

## III.

{15} In *Gandy,* we addressed the specific question of whether an at-will employee's right to bring a retaliatory discharge action should be limited by the existence of a statutory remedy. 117 N.M. at 444, 872 P.2d at 862. In that case, the defendant argued that the tort of retaliatory discharge should not be available to the employee because its protection was unnecessary; the employee had a

remedy under the Human Rights Act, NMSA 1978, §§ 28–1–1 to –15. We noted that the defendant's position conflicted with our statements in *Vigil*, 102 N.M. at 688–89, 699 P.2d at 619–20, and *Shovelin v. Central New Mexico Electric Cooperative*, 115 N.M. 293, 303, 850 P.2d 996, 1006 (1993). *See Gandy*, 117 N.M. at 444, 872 P.2d at 862. In those cases we said that the Human Rights Act could furnish the public policy statement underlying the tort of retaliatory discharge notwithstanding the fact that the Human Rights Act contains its own remedial scheme. We therefore rejected Defendant's argument. *See id.* at 445, 872 P.2d at 863.

{16} After reviewing *Silva* and *Gandy*, we believe that *Silva* articulated the logical consequence of the limited nature of the tort of retaliatory discharge described in *Vigil*. We are not persuaded that *Silva* announced a new rule. Specifically, we do not believe that *Silva* should be read to mean that the mere existence of an alternative remedy renders the tort of retaliatory discharge unavailable. Such a holding would have been overruled implicitly by *Gandy*. Rather, *Silva* noted that the tort of retaliatory discharge was limited to those cases in which the employee can be fired without just cause. The question resolved by *Gandy* is inapposite. There, the Court concluded that the tort of retaliatory discharge, as an exception to the at-will doctrine, was not preempted by the legislative recognition of another exception to that doctrine in the Human Rights Act. *Gandy*, 117 N.M. at 444, 872 P.2d at 862. The presence of the Human Rights Act remedy does not convert an otherwise at-will employee to one terminable only for just cause, and the need for the tort of retaliatory discharge is still present.

{17} We recognize that we have not always kept the two causes of action analytically distinct. For example, in *McGinnis v. Honeywell, Inc.*, 110 N.M. 1, 791 P.2d 452 (1990), we affirmed the plaintiff's compensatory award on the basis of breach of contract. We noted, in dicta, that had the plaintiff alleged emotional distress damages, we might have remanded the case for a trial on the retaliatory discharge claim. 110 N.M. at 8–9, 791 P.2d at 459–60. We think part of

the confusion arises because a plaintiff may proceed to a jury with alternative and mutually exclusive theories. *See Boudar v. E.G. & G., Inc.*, 106 N.M. 279, 283, 742 P.2d 491, 495 (1987). In such circumstances, the trial court should instruct the jury as *Silva* dictates: the jury may find a breach of contract or a retaliatory discharge, but not both. *Silva*, 106 N.M. at 21, 738 P.2d at 515. To the extent that dicta in these cases might suggest a different approach, we do not think they are accurate statements of the law of retaliatory discharge in New Mexico.

{18} We note that the jury in *Gandy* was instructed as in *Silva*. The applicable jury instructions in *Gandy* directed the jury to first determine whether there was an implied contract, and whether it was breached. Only if the answer to those questions was "no" was the jury to determine whether "Defendant discharge[d] Plaintiff Susan Gandy solely in retaliation for [her] filing a complaint with the New Mexico Department of Labor–Human Rights Division[ ]." Jury Instruction No. 8, *Gandy* (No. 21,035); Record Proper at 733–a. Additionally, the jury was provided a special verdict form on which to provide their answers. The jury determined that there was no implied contract, but that Defendant did retaliate against Plaintiff. *See* Special Verdict Form, *Gandy* (No. 21,035); Record Proper at 759. We take judicial notice of these records. *Cf. State v. Turner*, 81 N.M. 571, 576, 469 P.2d 720, 725 (Ct.App.1970) ("We take judicial notice of the records on file in this court.").

{19} For *Gandy* to "allow a plaintiff who is not an at-will employee to pursue an action for the tort of retaliatory discharge," 231 F.3d at 691, it would have had to expand that tort as it was described in *Vigil* and *Silva*. We do not think that *Gandy* can be read to have done this.

{20} *Gandy* refused, we think, to limit the protection *Vigil* had provided at-will employees. Because the tort of retaliatory discharge was created to fulfill a limited purpose, *Silva* properly sustained the district court's decision not to permit the plaintiff in that case to recover both contract and tort damages. *Gandy* properly sustained the district court's decision to permit the plaintiff in

that case to pursue a tort remedy notwithstanding the existence of a statutory remedy.

## IV.

{21} We were asked the limited question of whether *Gandy* "allow[s] a plaintiff who is not an at-will employee to pursue an action for the tort of retaliatory discharge." 231 F.3d at 691. Because we conclude that the holding in *Gandy* does not expand a retaliatory discharge action beyond the principles announced in *Vigil* and *Silva*, we must answer that question in the negative.

{22} We note that we should quash a certification order if there is a "controlling appellate precedent." NMSA 1978, § 39-7-4 (1997). We have not quashed the order because the issue presented is one this court has not addressed. That issue is whether *Gandy* modified *Silva*. We conclude that it did not.

{23} **IT IS SO ORDERED.**

PATRICIO M. SERNA, Chief Justice, JOSEPH F. BACA, Justice, GENE E. FRANCHINI, Justice, PETRA JIMENEZ MAES, Justice.