**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 20 2001**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

JEREMIAS SILVA,

      Plaintiff-Appellee,

    v.

AMERICAN FEDERATION OF
STATE, COUNTY AND MUNICIPAL
EMPLOYEES, a national labor union,

      Defendant-Appellant,

and

LUIS ARRELLANO and EVELINA
MARQUEZ,

      Defendants.

No. 99-2263

D. New Mexico

(CIV 98-579-JC/KBM (ACE))

### ORDER AND JUDGMENT  *

Before **KELLY** , **HENRY** , Circuit Judges, and **SHADUR,** District Judge. **

---

   * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

   ** The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

## I. INTRODUCTION

This matter is before the court on an appeal from the district court's denial of several motions filed by appellant American Federation of State, County and Municipal Employees ("AFSCME"). AFSCME's motions sought judgment as a matter of law, a new trial, and remittitur. The plaintiff, Jeremias Silva, worked at one time as a union organizer for AFSCME. He brought several claims against AFSCME: (1) breach of employment contract, (2) intentional infliction of emotional distress, (3) violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, based upon AFSCME's failure to make reasonable accommodations for his physical conditions, and (4) retaliatory discharge for Mr. Silva's contacts with law enforcement officers about incidents occurring at the union. The district court granted AFSCME's motion to dismiss the claims for breach of contract and intentional infliction of emotional distress. At the close of Mr. Silva's case, the court granted AFSCME's motion for judgment as a matter of law on his ADA claim. On Mr. Silva's remaining claim (for retaliatory discharge), the jury awarded $624,940 in compensatory damages and $1,000,000 in punitive damages.

Mr. Silva's employment with AFSCME is governed by a collective bargaining agreement, which states in part:

> Any disciplinary action or measure imposed upon an employee may be processed as a grievance through the regular grievances procedure.

AFSCME contends that the collective bargaining agreement provides Mr. Silva with the exclusive procedure to redress his claims, and that he is thus not permitted to bring an action for the tort of retaliatory discharge.

## II. NEW MEXICO CASE LAW

In Silva v. Albuquerque Assembly & Distribution Freeport Warehouse Corp., 738 P.2d 513, 515 (N.M. 1987), the New Mexico Supreme Court reiterated the narrowness of the tort of retaliatory discharge for employees who are covered by an employment contract. The Silva court approved a jury instruction explaining that the jury could find either a breach of contract or retaliatory discharge, but not both. The New Mexico Supreme Court held:

> A retaliatory discharge cause of action was recognized in New Mexico as a narrow exception to the terminable at-will rule; its genesis and sole application has been in regard to employment at-will. The express reason for recognizing this tort, and thus modifying the terminable at-will rule, was the need to encourage job security for those employees not protected from wrongful discharge by an employment contract. . . . Obviously, if an employee is protected from wrongful discharge by an employment contract, the intended protection afforded by the retaliatory discharge action is unnecessary and inapplicable.
>
> Our holding on this issue is also consistent with recent federal court interpretations of New Mexico law in cases addressing the scope and applicability of a retaliatory discharge action. . . . We decline to extend the tort of retaliatory discharge beyond the limited context in which it has been recognized.

738 P.2d at 515 (internal quotation marks and citations omitted).

Several years later, in Gandy v. Wal-Mart Stores, Inc., 872 P.2d 859 (N.M. 1994), the same court addressed the question of whether a plaintiff may bring a

-3-

retaliatory discharge claim when the plaintiff alleges that he or she was discharged from employment in retaliation for seeking relief under the New Mexico Human Rights Act, N.M. Stat. Ann. §§ 28-1-1 to -15 (Repl. Pamp. 1991). Ms. Gandy, the plaintiff, filed a discrimination complaint with the Human Rights Division of the New Mexico Department of Labor (the "Division") alleging that her employer had discriminated against her because of a medical condition. She was later terminated from her position. Ms. Gandy responded by filing another complaint with the Division, this time alleging retaliatory discharge pursuant to § 28-1- 7(I) of the Human Rights Act. Section 28-1-7(i)(2) prohibits employers from "engag[ing] in any form of . . . reprisal . . . against any person who has . . . filed a complaint . . . under the Human Rights Act." Ms. Gandy later filed the breach of contract/retaliatory discharge action in federal court and withdrew her Human Rights complaint.

Ms. Gandy's employer, noting that the purpose of the tort of retaliatory discharge is to provide a remedy where an employee is otherwise unprotected, argued that the tort could not be grounded on violation of a public policy declaration embodied in a legislative enactment where that legislative enactment provided its own remedial scheme. The Gandy court, however, rejected this argument by relying on the fact that the grievance procedure under the Human Rights Act was permissive rather than mandatory. The Gandy court explained:

Under [the New Mexico statute], the words 'shall' and 'will' are mandatory and 'may' is permissive. Based on this canon of statutory construction, the grievance procedure in the Act appears to be permissive and not mandatory. . . .

Although we acknowledge that legislative silence is at best a tenuous guide to legislative intent, the fact remains that there is no language in the Human Rights Act stating that its remedies are intended to be exclusive. Absent such language, we decline to infer a legislative intent to preempt tort claims unless such intent is clearly demonstrated by the comprehensiveness of the administrative scheme and the completeness of the remedy it affords. . . .

Although the Human Rights Act provides an efficient, sensible, and comprehensive scheme for remedying violations of the rights it protects, the remedies it affords differ from those potentially available under the tort of retaliatory discharge. . . . Punitive damages are sometimes recoverable in tort actions but are not recoverable under the Human Rights Act. Because the language of the Act is permissive and contains no declaration that the remedies it provides are exclusive, and because the remedies provided in the Act are not the same as the remedies available in a tort action for retaliatory discharge, we hold that the legislature did not intend the Act's remedies to be exclusive.

872 P.2d at 861-62 (internal quotation marks, citations, and footnotes

omitted).

## III. ANALYSIS

In this case, Mr. Silva's employment is covered by a collective bargaining agreement that provides a grievance and arbitration procedure. Mr. Silva contends the procedures are permissive and allow him to pursue the tort claim. AFSCME counters that the procedures are exclusive and mandatory and therefore foreclose Mr. Silva's action for retaliatory discharge.

The district court initially determined that the New Mexico courts, through cases like Gandy, have developed a common law exception to the employment at-will doctrine that allows for a retaliatory discharge action. While we found the district court's determination plausible, we were uncertain as to the state of New Mexico law in this field. Thus, because this case presented important questions of undecided New Mexico law and because resolution of these questions was determinative of this appeal, we certified the following questions to the New Mexico Supreme Court:

> (1) Does the New Mexico Supreme Court's holding in Gandy v. Wal-Mart Stores, Inc., 872 P.2d 859 (N.M. 1994), allow a plaintiff who is not an at-will employee to pursue an action for the tort of retaliatory discharge under the public policy exception outlined in Silva v. Albuquerque Assembly & Distribution Freeport Warehouse Corp., 738 P.2d 513, 515 (N.M. 1987), when the plaintiff has an alternative remedial grievance procedure available under a collective bargaining agreement?
> (2) If the answer to Part (1) is yes,
>> (a) what is the impact of language in the collective bargaining agreement that designates the agreement's remedy as the exclusive remedy available to the plaintiff?
>> (b) what is the impact of language in the collective bargaining agreement that designates the agreement's remedy as the nonexclusive remedy available to the plaintiff?
> (3) If the answer to Part (1) is yes and if the collective bargaining agreement's alternative remedial scheme is not facially exclusive or permissive,
>> (a) what is the impact of the evident intent of the parties to agreement to preempt tort claims based upon the comprehensiveness of the administrative scheme and the completeness of the remedy the scheme affords?

The New Mexico Supreme Court answered the first question in the negative, holding that the Gandy decision does not alter the fact that "a plaintiff who is not an at-will employee [may not] pursue an action for the tort of retaliatory discharge under the public policy exception" to the at-will doctrine. Silva v. American Fed'n of State, County & Mun. Employees, __ P.2d __ (N.M. 2001), slip. op. at 1. Consequently, the New Mexico Supreme Court did not need to address the second question.

Accordingly, the judgment of the district court is REVERSED and the case is REMANDED for entry of judgment consistent with the New Mexico Supreme Court's decision. In addition, the appellant's motion to file a supplemental appendix is DENIED, and the appellee's motion to impose sanctions is DENIED.

Entered for the Court,

Robert H. Henry
Circuit Judge