This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**REMIGIO PADILLA**,

Petitioner-Appellant,

v.                                                                                          **NO. 30,646**

**MOTOR VEHICLE DIVISION,
DEPARTMENT OF TAXATION AND
REVENUE, STATE OF NEW MEXICO,
MICHAEL SANDOVAL, DIRECTOR,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
William C. Birdsall, District Judge**

Titus & Murphy Law Firm
D. Zane Swank
Farmington, NM

for Appellant

Gary K. King, Attorney General
Julia Belles, Special Assistant Attorney General
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

This case raises issues controlled by the New Mexico Supreme Court's recent decision in *Schuster v. State of New Mexico Department of Taxation and Revenue*, 2012-NMSC-___, ___ P.3d ___ (No. 32,942, July 26, 2012).  Finding no error, we affirm the district court.

**I.    BACKGROUND**

Defendant was arrested on suspicion of driving while intoxicated (DWI), and his driver's license was subsequently revoked by the Motor Vehicle Division (MVD) after a revocation hearing, pursuant to the Implied Consent Act, NMSA 1978, Sections 66-8-105 to -112 (1978, as amended through 2007).  Because this is a memorandum opinion and the parties are familiar with the facts and procedural background, we reserve discussion of the pertinent facts within the context of Defendant's arguments.

**II.    ANALYSIS**

Defendant raises three issues on appeal:  (1) that the MVD did not have authority to decide the constitutionality of the traffic stop and that the district court was required to conduct a de novo hearing on those issues; (2) that the officer did not have reasonable suspicion to approach Defendant's parked vehicle; and (3) that the officer pretextually approached Defendant's parked vehicle.  We address each

2

argument in turn, applying a whole record review to the MVD's decision to determine whether substantial evidence supports the MVD's findings. *See Miller v. Bd. of Cnty. Comm'rs*, 2008-NMCA-124, ¶ 16, 144 N.M. 841, 192 P.3d 1218 ("This Court applies the same statutorily defined standard of review as the district court. The district court may reverse an administrative decision only if it determines that the administrative entity acted fraudulently, arbitrarily, or capriciously; if the decision was not supported by substantial evidence in the whole record; or if the entity did not act in accordance with the law." (alterations, internal quotation marks, and citations omitted)).

**A.      The District Court Properly Reviewed the MVD Decision in Its Appellate Capacity**

We stayed this case pending our Supreme Court's resolution of *Schuster*, 2012-NMSC-___. *Schuster* holds that with respect to license revocation proceedings, the MVD must make a determination as to whether a traffic stop was constitutional and that the district court reviews that decision in its appellate jurisdiction. *See id.* ¶ 8. Because the MVD and the district court acted consistently with the directives laid out in *Shuster*, we find no error on this issue.

Defendant also argues that the district court erred in refusing to hold oral argument on whether a de novo hearing was required. The district court has discretion to permit oral argument on appeal, and we cannot conclude that it abused that

discretion in relying solely on the written briefs to decide this issue. *See* Rule 1-074(O) NMRA ("[T]he court *may* allow oral argument." (Emphasis added.)). Furthermore, *Schuster* holds that the district court sits in its appellate capacity when reviewing a revocation decision of the MVD. *See Schuster*, 2012-NMSC-__, ¶ 8. The law firm for Defendant was also the law firm that represented the defendant in *Schuster*, and we presume is familiar with the facts of both *Schuster* and this case. As this is a memorandum opinion, we do not engage in any further discussion on this issue.

**B.      The Officer's Encounter With Defendant Did Not Violate His Constitutional Rights**

Defendant contends that the officer unlawfully seized him by approaching and tapping on his parked vehicle's window when the officer had observed no activity giving rise to a reasonable suspicion that Defendant was committing a crime. *See State v. Vandenberg*, 2003-NMSC-030, ¶ 21, 134 N.M. 566, 81 P.3d 19 ("Reasonable suspicion arises if the officer can point to specific articulable facts that, when judged objectively, would lead a reasonable person to believe criminal activity occurred or was occurring." (alteration, internal quotation marks, and citations omitted)). This issue is "reviewed on appeal as a mixed question of law and fact in which factual

questions are considered for substantial evidence and the application of law to the facts is reviewed de novo." *Schuster*, 2012-NMSC-\_\_\_, ¶ 23.

We conclude that the officer did not require reasonable suspicion to initiate contact with Defendant when he observed Defendant walking near a business before getting into his vehicle and driving around the building, and then turning abruptly to park and turn his headlights off in front of a neighboring business that was closed and had been the site of break-ins, thefts, and other criminal activity during that time of night. *See State v. Eric K.*, 2010-NMCA-040, ¶¶ 6, 18, 148 N.M. 469, 237 P.3d 771 (concluding that the officer was entitled to approach individuals in the area of a reported crime that he saw doing nothing incriminating, but were acting suspicious and behaving in an evasive manner). Further, we conclude that no seizure occurred where the officer parked his marked patrol unit fifteen feet away from Defendant's vehicle, approached Defendant's vehicle on foot, in uniform and displaying his badge, and tapped on the vehicle's window. *See id.* ¶ 18 (stating that no seizure occurs where an officer approaches an individual for questioning so long as the reasonable individual would have felt free to leave); *State v. Jason L.*, 2000-NMSC-018, ¶ 14, 129 N.M. 119, 2 P.3d 856 ("The police do not need any justification to approach a person and ask that individual questions; however, the officer may not convey a message that compliance with their requests is required." (internal quotation marks

and citation omitted)). Moreover, we conclude that before any seizure of Defendant occurred, the officer developed reasonable suspicion to investigate further when Defendant rolled down his window and the smell of alcohol emanated from the vehicle, and Defendant admitted to having had one drink. *See State v. Walters*, 1997-NMCA-013, ¶ 26, 123 N.M. 88, 934 P.2d 282 (stating that an officer's initial caretaking encounter that is not supported by reasonable suspicion does not prevent the officer from making observations that lead to reasonable suspicion for a further investigation, including by noting alcohol on a driver's breath).

Accordingly, we conclude that substantial evidence supported the MVD's conclusion that Defendant's encounter with the officer did not violate Defendant's constitutional rights.

**C.      Defendant Failed to Preserve His Argument That the Stop Was Pretextual**

Defendant also contends that the officer's investigation of his parked vehicle was pretextual and unconstitutional under *State v. Ochoa*, 2009-NMCA-002, 146 N.M. 32, 206 P.3d 143. Pursuant to *Schuster*, the constitutionality of the stop must be decided by the MVD, and any objections to the constitutionality of the stop must also be raised before the MVD to preserve those issues for appellate review by the district court. *See Schuster*, 2012-NMSC-__, ¶ 8; *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) ("To preserve an issue for review on

6

appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). Because Defendant failed to preserve this issue before the MVD, we decline to address it.

**III.    CONCLUSION**

We affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**J. MILES HANISEE, Judge**